State of Minnesota v. Taunt.

* State of Minnesota

*vs.*

Alvin B. Taun¯

An indictment is sufficient which charges that the defendant " did steal, take and carry away divers and sundry genuine and current treasury notes, of different denominations, issued by the treasury department of the U. S., and divers and sundry genuine and current bank notes, of different denominations, issued by different and sundry national banks, organized under the laws of the U. S., all of which treasury notes and bank notes amounted to the sum of, and were of the value of $250, and were the property of A. B. ;—a more particular description of which treasury notes and bank notes, or of any or either of them, is to the said grand jury unknown."

The last allegation is not traversable, and it seems that, without it, the indictment would be sufficient, notwithstanding *State vs. Hinckley*, 4 *Minn.*, 345.

The State being unable to produce the bills at the trial, secondary evidence of their contents was admissible, whether such inability was the result of negligence on the part of the prosecution, or not.

There being competent evidence in the case, tending to show that the money charged to have been stolen was, in whole or in part, either treasury or bank notes, an instruction, "that if the jury believed the evidence of the witnesses, the prosecution had produced evidence of the description of the money alleged to have been stolen, sufficient *to sustain a conviction under the indictment*, if the jury were satisfied, beyond a reasonable doubt, that the defendant took the said money with the intent to steal it," is not objectionable as encroaching upon the province of the jury.

Where the bill of exceptions does not purport to give all the testimony, the objection, that the charge assumes a fact which there was

* Berry, J., being absent, took no part in the hearing or determination of this case.
VOL. XVI.—8

no testimony to prove, cannot be made on appeal. Nor, that the evidence does not support the verdict. Nor, [the bill of exceptions not purporting to give the charge in full,] "that if, under the charge, the jury found but part of the money to be described, that fact should have been so found in the verdict; that a general verdict is bad, where the evidence described but part of the property charged in the indictment; that there should have been a finding of value sufficient to determine the character of the crime." It will be presumed that the jury were properly instructed; especially as the defendant asked for no instruction on the point.

The defendant was convicted in the district court for Hennepin county, upon an indictment for grand larceny, and moved for a new trial upon a bill of exceptions. This appeal is taken from the order of the district court refusing a new trial. The case is fully stated in the opinion of the court.

A. H. YOUNG for Appellant.

F. R. E. CORNELL, Attorney General, for Respondent.

*By the Court*—RIPLEY, Ch. J.—The indictment charges that the defendant "did steal, take and carry away divers and sundry genuine and current treasury notes, of different denominations, issued by the treasury department of the United States, and divers and sundry genuine and current bank notes, of different denominations, issued by different and sundry national banks, organized under the laws of the United States, all of which treasury notes and bank notes amounted to the sum of, and were of the value of two hundred and fifty dollars, and were the property of one Joseph Smythyman; a more particular description of which treasury notes and bank notes, or of any or either of them, is to the said grand jury unknown." This, we think, is clearly sufficient. *Com. vs Sawtelle*, 11 *Cush.*, 142.

"When the substance of the offence is set out, the jurors

may omit a matter of description which they cannot ascertain. If this were not so, there would often be a failure of justice. In the case of the stealing of a considerable parcel of bank notes, * * * it would frequently, and perhaps generally, happen that the owner would not be able to specify the different kinds of notes. The description of them as bank notes, together with a statement of the ownership, with an averment that a more particular description cannot be given, sufficiently identifies the offence to guard the prisoner against the danger of another prosecution for the same offence." *Haskins vs. The People*, 16 *N. Y.*, 344.

We are not, however, to be understood, that the indictment would be insufficient without such averment of inability to give a more particular description. We have been referred to the case of *State vs. Hinckley*, 4 *Minn.*, 345, in which an indictment for the larceny of "divers bank notes, amounting in the whole to five hundred dollars, and of the value of five hundred dollars," was held insufficient; neither the number, denomination, nor the bank by which issued, nor that they were genuine or current, being stated. But that case does not decide, or profess to decide, that an indictment must specify all these, and the weight of authority is, that such an allegation as the one before us is sufficient.

In *Com. vs. Richards*, 1 *Mass.*, 336, an indictment for stealing "one bank note, of the value of ten dollars, of the goods and chattels" of A B, was held good, and *Larned vs. Com.*, 12 *Met.*, 240, strongly sustains the following form, namely, "divers bank bills, amounting in the whole to $1700, and of the value of $1700, of the goods and chattels," &c.. which is as general as that in *State vs. Hinckley*.

It is true that in *Low vs. The People*, 2 *Park. Cr. Rep.*, 37, "sixty dollars in bank bills, current money, of the value of sixty dollars," was held bad for want of an allegation of the number of such bills, though a statement of the bank by

State of Minnesota v. Taunt.

which owned, and the denomination of each, were not thought necessary. But, in respect to *number*, the indictment, it was said, should be certain. The alleged reason is, that "*it is part of the description applicable to chattels*"; which, it seems to us, is not so good a reason for holding that it should not be omitted, as that given by the supreme court of Massachusetts, in the case above cited, is, for holding that it need not be inserted.

In *Com. v. Sawtelle*, 11 *Cush.*, 142, the objection of uncertainty in respect to such an indictment, and its effect in depriving the party of the privilege of pleading it in bar against a second indictment, is thought to be rather specious than real. With reference to the want of an allegation of number, the court observes, that "the number may be stated much larger than appears in proof, and yet no substantial variance. * * * * Where the articles are of one class, or of the same kind, stating the number of the articles aids little in identifying the particular offence charged. The second indictment may be for a smaller number, and therefore it may be necessary to resort to oral evidence to identify the larceny as the same that has been previously charged. If the previous indictment is general in its statement, in such case, upon a plea of former conviction or acquittal being pleaded to a subsequent indictment, the case would be open to oral evidence to identify the larceny charged in the former case." See also, *Com. vs. Duffy*, 11 *Cush*, 145.

In *Com. vs. Stebbins* 8 *Gray*, 492, the court, following these precedents, expressly decided, that an indictment for stealing bank bills, which states the amount and value of the whole, need not describe their number or denomination. The allegation there was, "sundry bank bills, current within said commonwealth, amounting to the sum of $210, and of the value of $210."

State of Minnesota v. Taunt.

The intention of the legislature was, (as is stated in *State vs. Hinckley*,) "to simplify the proceedings in criminal, as well as civil actions, and do away with the technicalities and repetitions, which had obtained, and been more or less held necessary, under the former practice." Such an intention would seem best carried out by following the precedent set in Massachusetts.

The defendant's second objection, viz: that the alleged failure in the description became inexcusable, upon the state's proving that the bills were returned the day after they were taken, because, under *chap.* 86, *Laws of* 1867, the inability to give a more particular description, must have been the result of inexcusable negligence on the part of the prosecution, would make the sufficiency of the indictment turn upon a question of fact, viz: the diligence of the officer who arrested the defendant. The allegation, "that a more partic-·lar description of the articles is unknown to the grand jury," is not traversable.

Defendant's position that secondary evidence of the contents of the bills was inadmissible, because the inability of of the prosecution to produce them was the result of inexcusable negligence on their part, is equally untenable. Secondary evidence is never excluded if it is the best that can *then* be produced by the party. *Starkie Ev. part* 3, *sec.* 13. The inability of the prosecution to produce the bills was clearly shown and is not questioned.

When the State rested, the defendant moved to dimiss, because the prosecution "had not made out a case." The defect of proof specified at the argument in this court, is, that the bills were not sufficiently described by the testimony. But we think there was evidence before the jury tending to show that the money alleged to be stolen answered the description given in the indictment. The motion was therefore properly denied.

The court, among other things instructed the jury as follows: "that if they believed the evidence of the witnesses, the prosecution had produced evidence of the description of the money alleged to have been stolen, sufficient to sustain a conviction under the indictment, if the jury were satisfied beyond a reasonable doubt, that the defendant took the said money with intent to steal the same.

That the evidence identified at least $30 of the money, being the three national bank bills of $10 each, given to the sheriff, Hoy, by the witness, Ottiwell, and identified as part of the money taken."

The objection is urged ᴏo the first paragraph of this instruction, that it assumes to decide for the jury, a fact which it was their province to find.

We do not think, however, that it is fairly open to this objection. Where there is testimony which has any legal effect, it would be error in the court to determine the weight of it, or the fact which it did or did not ascertain. But whether evidence tends to prove anything pertinent to the issue, is a question for the court. 3 *G. & W. on New Trials*, ch. 10, *p.* 73. It appears in the case at bar, that it was not disputed, but that, on the day charged, the defendant took from Smythyman a roll of money amounting to $250, but it was denied that the taking was felonious.

Assuming that it was, and that the prosecution were also bound to prove that the money was in whole or in part, either treasury notes or bank notes, any competent evidence tending to prove this would be sufficient to sustain a conviction, if the jury believed the witnesses.

Whether or not such evidence had been given, was for the court, and we do not understand this instruction ᴛo go farther, or to assume to determine the weight of the *testi* mony.

As, in our opinion, there was such testimony in the case, we do not see how the instruction was objectionable.

The defendant objects to the second paragraph, that there was no testimony which described the bills as "national bank bills;" that, therefore, the instruction must have seriously misled the jury. "That if they were influenced by the charge, and the supposition is that they were, they undoubtedly believed that these three ten dollar bills were proved to have been national currency, whereas the testimony proved no such thing."

The wording of the paragraph is plainly within the letter of *Gen. Stat. ch.* 114, *sec.* 12, and as to the duty therein imposed upon the judge, if he presents the facts, to inform the jury that they are the exclusive judges of all questions of fact, it is to be presumed that he did so, the case not professing to give the charge in full. Neither does it purport to give all the testimony. Hence, we cannot assume that there was no testimony given descriptive of these bills as "national bank bills;" which, of itself, disposes of this objection, (*State vs. Brown,* 12 *Minn.* 538,) as it does of the objection that the evidence does not sustain the verdict.

The defendant further contends, that if, under the charge, the jury found but part of the money described, that fact should have been stated in the verdict. That a general verdict is bad, where the testimony describes but part of the property charged. That there should have been a finding of value sufficient to determine the character of the offence.

Whether the evidence described only part of the property charged, or not, was for the jury, and while we have, upon this bill of exceptions, no means of knowing but by the verdict, how they found the fact in that respect to be, yet, the charge not being given in full, it is to be presumed that they were properly instructed in that regard; especially and con-

clusively as the case does not show that the defendant asked for an instruction on these points, as was his privilege, if he believed that but part had been proved, and that a finding of value was material.

The order appealed from is affirmed.