COMMONWEALTH *vs.* TIMOTHY HUSSEY.

On an indictment charging the embezzlement of "promissory notes, payable to the bearer on demand, current as money, of the amount and of the value of sixty-five dollars, a more particular description of which is to the jurors unknown," the evidence was that the notes were of the amount and value of $70, and were known so to be by the grand jury. *Held,* no variance.

An indictment charging the embezzlement and fraudulent conversion of goods of J. S., which had been delivered to the defendant by J. S., in the trust and confidence and with the direction that the defendant would and should return the goods to J. S. upon demand, is not bad for failure to aver that the goods were to be returned upon the demand of J. S., or that J. S. did demand them.

INDICTMENT alleging that the defendant, on June 21, 1871, "did embezzle and fraudulently convert to his own use divers promissory notes payable to the bearer on demand, current as money in said Commonwealth, of the amount and of the value of sixty-five dollars, a more particular description of which is to the jurors unknown, of the property, moneys, goods and chattels of one Henry Smith, the said promissory notes being then and there the subject of larceny, and the said promissory notes having theretofore, to wit, on the said twenty-first day of June, been there delivered to the said Hussey by the said Smith, in the trust and confidence and with the direction that the said Hussey would and should return said promissory notes to the said Smith upon

demand, and the said promissory notes and each thereof having been then and there received by the said Hussey in the said trust and confidence and with the said direction."

At the trial in the Superior Court in Suffolk, before the jury was empanelled, the defendant moved to quash the indictment because the facts set forth did not constitute the crime of embezzlement; because the indictment did not aver that Smith made a demand for the return of the notes; and because it did not aver upon whose demand the defendant was directed to return the notes; but *Pitman,* J., overruled the motion.

Henry Smith and William Strafford testified that the notes taken were one bill for $50 and two bills for $10 each, and that they so testified before the grand jury. This was all the evidence offered by the Commonwealth as to what the amount and value of the notes were, and as to what their amount and value were testified to be before the grand jury. After the Commonwealth had closed its case, the defendant asked the judge to rule that there was a variance between the allegation and the evidence; but the judge ruled that there was no variance.

The defendant asked the judge to instruct the jury, that, as the indictment alleged the aggregate amount and value of the notes to be $65, and that the notes were delivered to the defendant with the direction that he should return them to Smith upon demand, they must find from the evidence that the notes embezzled were of the aggregate amount and value of $65; but the judge declined so to instruct the jury, and instructed them that, in order to convict, they must find that the defendant promised to return the identical notes delivered by Smith to him, but that if they were satisfied that the defendant embezzled any part of the identical money delivered to him, they should find him guilty. The jury returned a verdict of guilty.

The defendant then moved in arrest of judgment for the reasons given in the motion to quash; but the judge overruled the motion.

*J. W. Mahan,* for the defendant.

*C. R. Train,* Attorney General, for the Commonwealth.

AMES, J. In this indictment the defendant is charged with the embezzlement and fraudulent conversion to his own use of "divers promissory notes payable to the bearer on demand, current as money in said Commonwealth, of the amount and of the value of sixty-five dollars, a more particular description of which is to the jurors unknown." As decided in *Commonwealth* v. *Sawtelle*, 11 Cush. 142, and *Commonwealth* v. *Duffy*, Ib. 145, an indictment in substantially that form is sufficient to warrant a judgment upon a general verdict of guilty. And it was held in both of those cases, that upon proof of the larceny of part of the articles or things alleged to have been stolen, the defendant might well be convicted, provided the jury find that part of the value alleged in the indictment lay in the articles proved to have been stolen.

In the case at bar, the evidence that proved the embezzlement proved that the amount and value of the notes embezzled was $70, and not $65. And it is insisted on the part of the defendant that, as the indictment alleges an excuse for not giving a more specific description of the notes, the amount and value are made a part of the description of the offence and essential to its identity, in the same manner as an unnecessary averment as to the color of a horse alleged to have been stolen, becomes a matter of description which must be proved as alleged. In other words, that the grand jury have described the property merely by the amount and value, and that a variance in that respect entitles the defendant to an acquittal. But this objection is in our judgment untenable. The two cases above cited make it certain that where the crime is described as it is in this indictment, it is not a material variance to prove the larceny of less than the alleged amount and value. The number stated may be much larger than appears in proof, and yet furnish no ground of objection on account of variance. The amount and value in this indictment do not appear to us to be descriptive of the offence, in such a manner as to fix its identity. The property is described as "divers promissory notes, payable to bearer, current as money in this Commonwealth." No attempt is made to give the number or denominations of the notes, but it was necessary to state that they had a

value, in order that they should be subjects of larceny; and in the case of notes current as money, the amount and value would ordinarily be synonymous terms. Except on the ground of variance, the defendant cannot object that less is charged against him than was proved. If proof of less than the amount and value charged is not a variance, it is difficult to see why proof of more should be. If the indictment had contained a more particular description, the proof must have been limited accordingly. But it was not necessary to give a more particular description, for that given was already sufficient to support a judgment; and the allegation that a more particular description was unknown to the grand jurors was therefore an immaterial allegation, and proof that a more particular description was in fact known to them did not create a fatal variance between the indictment and the proof.

We have no difficulty in overruling the motion to quash and the motion in arrest of judgment. The fiduciary relation essential to characterize the crime is sufficiently expressed by the averment that the property was delivered to the defendant upon the trust and confidence that he would return ·it to the owner on demand. *Commonwealth* v. *Hays*, 14 Gray, 62. *Commonwealth* v. *Concannon*, 5 Allen, 502. *Commonwealth* v. *Butterick*, 100 Mass. 1. This must mean on demand by or for the owner. A fraudulent conversion to the defendant's own use would be embezzlement, whether demand were made or not, and, of course, such demand need neither be averred nor proved.

*Exceptions overruled.*