## COMMONWEALTH *vs.* JOSEPH BUTTS.

Suffolk. March 28. — May 2, 1878. AMES & MORTON, JJ., absent.

An indictment, on the Gen. Sts. *c.* 161, § 18, for the larceny of "divers promissory notes of the amount and of the value in all of five thousand dollars, a more particular description of which is to the jurors unknown," charges an offence with sufficient definiteness.

An indictment, on the Gen. Sts. *c.* 161, § 18, charging the larceny of "divers promissory notes of the amount and of the value in all of five thousand dollars, a more particular description of which is to the jurors unknown," is sustained by proof that the notes stolen were bank-notes.

At the trial of an indictment, on the Gen. Sts. *c.* 161, § 18, charging the larceny of "divers promissory notes" "of the property, goods and chattels of one ` F., evidence that the notes had been entrusted to F., in his capacity as cashier of a bank, is sufficient, under the Gen. Sts. *c.* 172, § 12, to support the allegation of ownership.

At the trial of an indictment, on the Gen. Sts. *c.* 161, § 18, charging the larceny of "divers promissory notes" "of the property, goods and chattels of one" F., "in his possession then and there being," there was evidence that F. was the cashier of a bank, and as such had received a sealed package containing bank-notes; that he had the package in a bag, and, while on his way to his bank, went into an eating saloon, placed the bag on a hat-rack with his hat, and then sat down at a table, distant some ten or fifteen feet from the hat-rack, and in such a direction from it as to leave the bag behind him and out of his sight and reach while sitting at the table to eat his dinner; and that, while there, the bag was stolen, but was not missed until F. arose from the table and went to get the bag, in leaving the saloon, some ten minutes after the defendant had gone from the saloon. *Held,* that the question of possession was for the jury; and that, on the above evidence, it would be competent for the jury to find such possession.

INDICTMENT, on the Gen. Sts. *c.* 161, § 18,* charging the defendant with the larceny, on January 20, 1877, of "divers promissory notes of the amount and of the value in all of five thousand dollars, a more particular description of which is to the jurors unknown, of the property, goods and chattels of one Judson N. Farrar, in his possession then and there being."

In the Superior Court, before the jury were empanelled, the defendant filed a motion to quash the indictment, assigning the following reasons therefor: "1. Because there is no allegation therein as to the number of promissory notes, or any sufficient

---

* "Whoever commits larceny, by stealing, of the property of another, any money, goods or chattels, or any bank-note, bond, promissory note, bill of exchange," "shall be punished by imprisonment," &c.

description thereof. 2. Because said indictment alleges no crime according to law, and is therefore null and void." *Dewey, J.,* overruled the motion ; and the defendant excepted.

At the trial, the government introduced evidence that Judson N. Farrar was, on January 20, 1877, cashier of the Abington National Bank, a corporation duly established under the laws of the United States ; that, as such cashier, on that day, he eceived from the cashier of the National Bank of Redemption, in Boston, a sealed package, containing national bank bills of various national banks situated in Massachusetts and elsewhere ; (there being no proof as to how many bills were issued by banks in Massachusetts ;) that he had the same in a bag, and carried it into a saloon on the corner of South Street and Essex Street, in Boston, while on his way to Abington, placed the bag on a hat-rack, with his hat, in the saloon, near the desk of the only attendant of the saloon, and then sat down at a table therein to take his dinner, the table being situated some ten or fifteen feet away from the hat-rack, and in such a direction therefrom as to leave the bag behind him and out of his sight and reach while sitting at the table ; and that, while the defendant and several others were in the saloon, the bag was taken away, but was not missed until Farrar finished his dinner and went to get his bag, in order to leave the saloon, some ten minutes after the defendant had gone from the saloon.

The defendant requested the judge to rule that the evidence introduced by the government failed to support the allegations of the indictment; and that the defendant must be acquitted by reason of a variance, first, as to the allegation that the property stolen was such as alleged, namely, promissory notes, such as are described in the Gen. Sts. *c.* 161, § 18, and, second, as to the allegation of ownership of the notes; but the judge refused so to rule, and ruled that, from the evidence offered by the government, it was competent for the jury to find both of the allegations in the indictment. The jury returned a verdict of guilty , and the defendant alleged exceptions.

*J. H. Bradley,* for the defendant. 1. The instructions prayed for should have been given. Promissory notes and bank-notes, and other contracts and choses of action, were made the subject of larceny by the Gen. Sts. *c.* 161, § 18, for the reason that they

were not so at common law. Promissory notes and bank-notes, when the subject of larceny, are well described by the description given to them by the statutes, and need no other description. *Commonwealth* v. *Brettun,* 100 Mass. 206. *Commonwealth* v. *Richards,* 1 Mass. 337. *Larned* v. *Commonwealth,* 12 Met. 240. *Commonwealth* v. *Stebbins,* 8 Gray, 492. *Commonwealth* v. *Sawtelle,* 11 Cush. 142. *Commonwealth* v. *Duffy,* 11 Cush. 145. The Legislature has manifestly made a distinction between bank-notes and promissory notes, and therefore in all forms of proceedings, and in all particulars of proof, this distinction must be observed, and has always been observed, except in cases of forgery of foreign bills. *Commonwealth* v. *Dole,* 2 Allen, 165. The allegation that " a more particular description of which is to the jurors unknown" is immaterial and surplusage. *Commonwealth* v. *Hussey,* 111 Mass. 432. A bank-note is by law made payable to the bearer on demand in lawful money only, and so always negotiable, and is thus distinguished from a promissory note, which may be payable to such persons, and at such time, and in such commodities as the maker thereof may choose, and be negotiable or not. This distinction is recognized and expressed by the Legislature by the general names and expression of promissory notes and bank-notes. By the use of these words, a clear and concise description is given of the two kinds of notes, and such description is equivalent to the fullest expression of the differences between them. And, in pleading, such property may be described by the general description given to such notes by the statute. In order to remedy the defect of the common law, it became necessary for the Legislature to enumerate, by their well known names, the various kinds of contracts and choses of action intended to be embraced in the statutes, as new and additional subjects of larceny. *Commonwealth* v. *Brettun,* and *Commonwealth* v. *Richards, ubi supra.*

2. The undisputed testimony in the case proved that Farrar, the alleged owner of the property stolen, had then and there neither the general or special property in, or the actual possession of, any of said property; and the judge should have instructed the jury that the government had failed to prove the ownership of the property as alleged, instead of leaving the question to the jury as a fact to be found by them. If the question

was a question of fact for the jury, the judge erred in not giving proper and sufficient instructions, upon the question of law involved, to guide them in passing upon that question. Under the instructions which were given them upon all the points raised, they were at liberty to infer that the evidence was sufficient to warrant them in finding the defendant guilty of all the allegations in the indictment. *Commonwealth* v. *Smith*, 111 Mass. 429. *The King* v. *Owen*, 2 Leach, (4th ed.) 572. *Rex* v. *Taylor*, Russ. &. Ry. 418. *Rex* v. *Hamilton*, 8 Car. & P. 49. *Commonwealth* v. *Packard*, 5 Gray, 101. *Commonwealth* v. *Merrill*, 14 Gray, 415.

3. The bag containing the bills was placed by Farrar with his hat upon the hat-rack, placed in the saloon by the keeper thereof as a safe and convenient receptacle of such articles as his customers should choose to deposit thereon, and thereby Farrar placed the same in the care and custody of the keeper of the saloon, and the satchel and contents were, while there, in the possession and care of the saloon keeper, or under the protection of the building, and not in the actual possession of said Farrar, who was only a servant of the bank. *Commonwealth* v. *Smith*, 111 Mass. 429, and cases cited.

*W. C. Loring*, Assistant Attorney General, (*C. R. Train*, Attorney General, with him,) for the Commonwealth.

SOULE, J. The motion to quash the indictment was properly denied. Where all the articles alleged to have been stolen are of one kind, the allegation may be " divers," " divers and sundry," or " a quantity," without stating any specific number, with an averment of the aggregate value of the whole. *Commonwealth* v. *Sawtelle*, 11 Cush. 142. *Commonwealth* v. *O' Connell*, 12 Allen, 451. *Commonwealth* v. *Hussey*, 111 Mass. 432. *Commonwealth* v. *Green*, 122 Mass. 333. An offence was therefore charged in the indictment with sufficient definiteness.

There was no variance between the allegation and the proof as to the character of the property stolen. A bank-bill is a promissory note, as is manifest from the fact that it is the promise of the banking corporation to pay the bearer of the instrument a certain sum of money on demand. And it has been repeatedly decided that, under statutes for counterfeiting or for uttering forged promissory notes, indictments are sustained by

proof of counterfeiting or of uttering forged bank-bills. *Commonwealth* v. *Simonds*, 14 Gray, 59. *Commonwealth* v. *Woods*, 10 Gray, 477. *Commonwealth* v. *Carey*, 2 Pick. 47. The notes stolen might have been described in the indictment either as bank-notes or as promissory notes. The latter description is the more general, and includes the former. The evidence would support the charge in either form of statement. *Commonwealth* v. *Hussey*, and *Commonwealth* v. *Green, ubi supra.*

The notes having been entrusted to the cashier to be conveyed to the bank, he had a special property in them, which supported the allegation of ownership. Gen. Sts. *c.* 172, § 12. If they were in his possession and custody when stolen, the allegations in the indictment, both as to the ownership and the possession, were sustained. Whether this was so or not was a question for the jury. The exceptions show that it was submitted to them. We do not understand that the bill of exceptions purports to set forth the instructions of the court in full, but only so much as to show a ruling that there was evidence on which it would be competent for them to find a verdict against the defendant. This ruling was unquestionably correct. If the defendant was dissatisfied with the terms in which the ruling was made, he should have excepted thereto, and spread them on the record. If he wished for further rulings, he should have asked for them.

*Exceptions overruled.*