## COMMONWEALTH *vs.* HARRY ASHTON.

Suffolk.     June 27. — Sept. 3, 1878.     COLT & SOULE, JJ., absent.

An indictment, on the Gen. Sts. *c.* 161, § 57, which charges, substantially in the words of the statute, that the defendant fraudulently obtained certain property of A. "by means of a game, device, sleight of hand and trick, by the use of cards and other implements and instruments, a more particular description of which said game, device, sleight of hand, trick, implements, instruments and cards, is to said jurors unknown," is sufficient; and is sustained by proof that the defendant used either cards or any other implement or instrument.

An indictment, on the Gen. Sts. *c.* 161, § 57, charging that the defendant, by means of a game and device, fraudulently obtained of A. "certain moneys, to wit, divers promissory notes, current as money in said Commonwealth," is sustained by proof that the notes obtained by the defendant were bank-bills.

INDICTMENT in two counts. The second count, upon which the defendant was convicted, charged that the defendant, at Boston, on April 7, 1877, " did fraudulently obtain from one Joseph C. Fletcher, by means of a game, device, sleight of hand and trick, by the use of cards and other implements and instruments, a more particular description of which said game, device, sleight of hand, trick, implements, instruments and cards, is to said jurors unknown, certain moneys, to wit, divers promissory notes, current as money in said Commonwealth, of the amount and of the value in all of eight hundred and seventy dollars, a more particular description of which is to said jurors unknown, of the property of him said Fletcher."

In the Superior Court, before the jury were empanelled, the defendant filed a motion to quash the indictment, for the following reasons : " 1. That no offence against the law is set forth. 2. That the indictment is utterly wanting in due precision and certainty. 3. That nothing is set forth in the indictment as to what kind of game, device, trick, or sleight of hand, or means by which certain moneys were fraudulently obtained, or by whom the cards, implements or instruments were used, or with what intent the property was obtained. 4. That nothing is set forth therein, bringing the charge within the Gen. Sts. *c.* 161, § 57, or any other specific statute, or indicating any other specific legal charge of crime. 5. That the indictment is uncertain, repugnant, duplex, and otherwise defective and void." *Allen*, J., over ruled the motion; and the defendant excepted.

At the trial, the government introduced evidence tending to prove that the defendant obtained bank-bills by the use of a large piece of pasteboard, on which were drawn a number of squares, numbered and marked, and tickets bearing corresponding numbers.

The defendant asked the judge to rule that the government had failed to prove the charge alleged in the indictment, by reason of a variance, because the property proved to have been obtained ·consisted· of bank-bills, and not promissory notes of any description within the meaning of the statute ; because said bank-bills were not money or promissory notes as alleged ; and because the government had failed to prove that the bank-bills were obtained by the use of cards and other implements known or unknown to the grand jury. The judge declined so to rule ; and instructed the jury that the second count of the indictment would be sustained by proof that the defendant fraudulently obtained bank-bills of Fletcher by a game, by the use of some implement or instrument not known to the grand jury ; and that it was not necessary to prove that cards were also used.

The jury returned a verdict of guilty on the second count ; and the defendant alleged exceptions.

*J. H. Bradley*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

MORTON, J. The second count of the indictment is under the Gen. Sts. *c.* 161, § 57. It follows substantially the words of the statute, and is sufficient. The general rule is, that where an offence is created by statute, which sets forth with certainty all the elements necessary to constitute the offence intended to be punished, an indictment is sufficient which follows the words of the statute. *Commonwealth* v. *Barrett*, 108 Mass. 302, and cases cited.

The words of this statute import that a person, to be guilty, must play, practise or use some game, device, sleight of hand, pretensions to fortune telling, trick or other means, by the use of cards or other implements or instruments, with the intent to defraud, and thereby fraudulently induce some other person to part with his property. It is not necessary, as the defendant contends, to allege more particularly these facts, because they are included in the allegations of the indictment, following the words

of the statute. Such allegations would be but repetitions, which would not add to the certainty or precision of the indictment.

It is true that, when it is practicable, it would be proper tc describe the game, device, instruments and means by which the defendant fraudulently obtained the property of another; but the allegation in the indictment, that these are unknown to the grand jury, is a sufficient excuse for the want of that particularity of statement which might otherwise be required. *Commonwealth* v. *Webster*, 5 Cush. 295. *Commonwealth* v. *Sawtelle*, 11 Cush. 142.

The exceptions to the ruling of the court that there was no variance between the allegations and the proofs cannot be sustained. The allegation that the defendant obtained of Fletcher " divers promissory notes current as money in said Commonwealth " was satisfied by proof that he obtained bank-bills. *Commonwealth* v. *Butts*, 124 Mass. 449.

The court also correctly ruled that it was not necessary to prove that cards were used by the defendant, but it was sufficient to prove that the defendant fraudulently obtained bank-bills of Fletcher by a game, by the use of some implement or instrument not known to the grand jury. The statute was intended to provide against fraudulently obtaining property of another by any game, device, trick or means, by the use of cards or of any other implement or instrument, and is not, as the defendant contends, limited to the use of any other implement or instrument similar to cards.

Though the allegation is that the defendant used " cards and other implements and instruments," it is sustained by proof that he used either cards or any other implement or instrument. *Commonwealth* v. *Welsh*, 1 Allen, 1. *Commonwealth* v. *Kimball*, 7 Gray, 328. *Exceptions overruled.*