### COMMONWEALTH *vs.* WILLIAM GALLAGHER.

Suffolk. November 25. — 27, 1878. COLT & MORTON, JJ., absent.

An indictment for larceny described the property taken as "divers promissory notes payable to the bearer on demand, current as money in said Commonwealth, of the amount and of the value of eighty dollars, a more particular description of which is to the jurors unknown." *Held*, in the absence of evidence that the grand jury had a full description of the property taken, that an instruction, requested by the defendant, that, if the jury should find that the grand jury had a full description, they should acquit, was properly refused.

On an indictment for larceny, it is not necessary to prove that the amount of the property stolen is not more than the amount alleged.

An indictment for the larceny of "divers promissory notes payable to the bearer on demand, current as money in said Commonwealth," is sustained by proof of stealing bank bills.

If in a criminal case the defendant testifies, and the record of his prior conviction and sentence in another case is put in evidence to impeach him, such record is conclusive evidence of such conviction and sentence; and his testimony that he was innocent, and that the officer, who made the complaint in that case, afterwards told him that he was satisfied of his innocence, is immaterial.

A witness, who testifies in a criminal case in favor of the defendant, may be asked, on cross-examination, if he has offered a certain person money to be a surety on the defendant's bail bond.

INDICTMENT, charging the defendant with the larceny, on September 19, 1878, from the person of John Sheridan, of "divers promissory notes, payable to the bearer on demand, current as money in said Commonwealth, of the amount and of the value of eighty dollars, a more particular description of which is to the jurors unknown."

At the trial in the Superior Court, before *Putnam*, J., Sheri-

dan testified that his wallet, containing eighty dollars in · bank bills, one twenty-dollar bill, six five-dollar bills, and three ten-dollar bills, was taken from him by the defendant on the day alleged in the indictment; that in addition to these bills, the wallet contained two or three small bills, ones and twos, left from a five-dollar bill, which he had got changed during the day; that he testified before the grand jury that he had the eighty dollars, but did not mention the other small bills, or tell what the denominations of the bills were; and that he thought no question was asked him about it.

Upon this evidence, the defendant requested the judge to instruct the jury as follows: "1. If the grand jury had a full description of the bills, and if the jury so find on the evidence, it is not competent for the government to say that a more particular description of their value was to them unknown; and the jury should for that reason acquit. 2. The government must prove to a moral certainty that the bills were of the precise amount and value of eighty dollars, neither more nor less; and if, upon the evidence, the government has not satisfied the jury of that precise amount, beyond legal doubt, the jury should for that reason acquit. 3. It is not competent for the government, under the description in the indictment, to ask a conviction for the larceny of national bank bills; and if, upon the evidence, the jury find that such were the 'promissory notes' lost by Sheridan, they should acquit the defendant." The judge declined to give these instructions.

The defendant called as a witness one Clark, whose evidence tended to confirm that of the defendant, and to contradict that of Sheridan, as to what transpired at the time of the taking. On the cross-examination of Clark, the government asked him if he was not a friend of the defendant; to which he replied that he was not. He was then asked, "Did you not offer one Alley, or somebody else, forty dollars to go bail for the defendant in this case?" The defendant objected to this question; but the judge allowed it to be put, and the witness answered, "I offered Alley fifteen dollars if he would go on the defendant's bond."

For the purpose of affecting the credibility of the defendant, who offered himself as a witness, the government introduced in evidence a record of his prior conviction and sentence for larceny.

The defendant was allowed to testify, that, although he was convicted, he was innocent; and that the officer, who made the complaint in that case, subsequently told him that he was satisfied of his innocence. This officer was a witness for the government, and was also present at the time the defendant made this statement, but was not recalled by the government to contradict it. The defendant asked the judge to instruct the jury, that, if they believed that the officer told the defendant he was satisfied that he was innocent, that nullified the record. The judge declined to give these instructions.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*G. W. Searle & G. L. Ruffin*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

GRAY, C. J. The instructions requested were rightly refused. There was no evidence that the grand jury had a full description of the bills, and it was not necessary to prove that the amount of bills stolen was not more than was alleged. *Commonwealth* v. *Hussey*, 111 Mass. 432. It is settled by our decisions, that an indictment for stealing "promissory notes" is supported by proof of stealing bank bills. *Commonwealth* v. *Butts*, 124 Mass. 449. The record introduced was conclusive evidence of the conviction and sentence, and all the testimony afterwards admitted on that point was immaterial. The cross-examination of the witness Clark was within the discretion of the presiding judge.

*Exceptions overruled.*