### COMMONWEALTH *vs.* JAMES GRIFFITHS & others.

Middlesex. January 1. — 3, 1879. COLT & ENDICOTT, JJ., absent.

An indictment on the Gen. Sts. c. 160, § 24, charging the robbery of several "promissory notes then and there of the currency current in said Commonwealth," is sustained by proof that the notes stolen were either bank-bills or treasury notes.

In an indictment, the words "of the currency current in this Commonwealth" are equivalent to "current as money in this Commonwealth."

INDICTMENT on the Gen. Sts. *c.* 160, § 24, alleging that the defendants, on May 19, 1878, at Somerville, made an assault upon John R. Hogan, and "one promissory note, then and there of the currency current in said Commonwealth, of the value of five dollars; one other promissory note, then and there of the currency current in said Commonwealth, of the value of two dollars; one other promissory note then and there of the currency current in said Commonwealth of the value of one dollar, all of the moneys, goods, and chattels and personal property of the said John R. Hogan, from the person and against the will of the said John R. Hogan, then and there feloniously and violently did rob, steal, take and carry away."

At the trial in the Superior Court before *Allen,* J., Hogan testified that the defendants took from him a five-dollar bill, a two-dollar bill, and two one-dollar bills; but he was unable to swear what bank said bills were on, or whether they were United States bills or treasury notes, but they were such bills as were used and passed for money.

On this evidence, the defendants contended that there was a variance between the allegations in the indictment and the proof as to the property taken; and asked the judge to rule that "if the jury find that the notes alleged to have been taken from Hogan were bank-bills or United States treasury notes, they are not properly described in the indictment as promissory notes, and the defendants cannot be convicted of the robbery or larceny from the person, as alleged in the indictment." But the judge declined so to rule, and ruled that there was no variance.

The jury returned a verdict of guilty; and the defendants alleged exceptions.

*I. S. Morse & R. J. McKelleget,* for the defendants.

*C. R. Train,* Attorney General, *& J. F. Brown,* Assistant Attorney General, for the Commonwealth.

BY THE COURT. This case is governed by previous decisions. *Commonwealth* v. *Butts,* 124 Mass. 449. *Commonwealth* v. *Ashton,* 125 Mass. 384. *Commonwealth* v. *Gallagher, ante,* 54. The words "of the currency current in this Commonwealth" are equivalent to "current as money in this Commonwealth."

*Exceptions overruled.*