## COMMONWEALTH *vs.* JAMES F. COLLINS.

Suffolk.   Nov. 24, 1884. — Jan. 7, 1885.   FIELD, C. ALLEN, & COLBURN, JJ., absent.

An indictment, alleging the larceny from the person of "divers promissory notes," (intending to charge the larceny of bank-bills,) and of "divers coins of the United States current as money in said Commonwealth," with proper averments of value, ownership, and possession, is sufficient.

W. ALLEN, J.   This is an indictment for larceny from the person of "divers promissory notes of the amount and value in all of six dollars," and "divers coins of the United States current as money in said Commonwealth of the amount and of the value in all of three dollars."   The only exception is to the decision of the court overruling a motion to quash the indictment because "neither of its averments of property contains a full, particular, and legally sufficient description of the moneys supposed to have been wrongfully taken."

The motion seems to assume that a larceny of bank-bills was intended to be charged, and, as this was assumed at the argument, we have considered the case as if it appeared upon the face of the indictment that bank-bills were described as promissory notes.

In an indictment for the larceny of a promissory note, it is sufficient to describe the property as "one promissory note," with proper averments of value and ownership.   *Commonwealth* v. *Brettun,* 100 Mass. 206.   So coin is sufficiently described by the word "coin."   *Commonwealth* v. *Gallagher,* 16 Gray, 240.

Bank-notes are properly described, in an indictment for the larceny of them, as promissory notes.   *Commonwealth* v. *Butts,* 124 Mass. 449, and cases cited.   *Commonwealth* v. *Gallagher,* 126 Mass. 54.   It follows that, in an indictment for the larceny of a bank-note, it is sufficient to allege the larceny of a promissory note, without other description, except what is contained in proper averments of value, ownership, and possession.

As the terms "promissory note" and "coin" are of themselves sufficient descriptions, there is no occasion for an averment that the grand jury were unable to give a fuller description. The further fact, whether it be that the promissory note was the

note of a bank or of John Doe, or that the coin was a silver coin or a gold coin, need not be stated, though known to the grand jury. If stated, it would be an unnecessary averment, which would become material by being made, like that of the color of a horse.

In charging a larceny of several articles of the same kind, it is not necessary to state the number, nor to allege the value of each article; it is sufficient to allege a larceny of divers of the articles of an aggregate value. This is a common mode of charging larceny of bank-notes and of coin. *Commonwealth* v. *Hussey*, 111 Mass. 432. *Commonwealth* v. *Stebbins*, 8 Gray, 492. *Commonwealth* v. *Grimes*, 10 Gray, 470. *Commonwealth* v. *Gallagher*, 16 Gray, 240. *Commonwealth* v. *Butts*, *ubi supra*.

*Exceptions overruled.*

*J. E. Bates & A. W. Hayes*, for the defendant.

*H. N. Shepard*, Assistant Attorney General, for the Commonwealth.