ALBERT SIDNEY WOODRING v. THE TERRITORY OF OKLA-
HOMA.

(Filed September 1, 1904.)

1. STEALING DOMESTIC ANIMAL—Allegation of Value Not Nec-
essary, When. In the prosecution of a case where the defendant
is charged with stealing a domestic animal, the indictment being
drawn under article one of chapter twenty of the Session Laws
of 1895, it is not necessary that the indictment should contain
an allegation of the value of the animal alleged to have been stolen.

2. SAME—Evidence of Value Not Necessary, When. In the trial of
a case where the defendant is charged under article one of chap-
ter twenty of the Session Laws of 1895 with stealing a domestic
animal, the Territory is not required to prove on the trial the
value of the property stolen.

3. WHAT ALLEGATION NOT TRAVERSABLE. Where an indict-
ment for stealing a domestic animal fails to fully describe the
property alleged to have been stolen, and avers that a better de-
scription cannot be given, such allegation of description is not
traversable, and the defendant will not be allowed to introduce
evidence tending to show that the grand jury did have or could
have obtained a more perfect description.

(Syllabus by the Court.)

*Error from the District Court of Greer County; before James
K. Beauchamp, Trial Judge.*

B. B. Blakeney, and J. A. Powers, for plaintiff in error.

C. M. Thacker, County Attorney and J. C. Robberts, At-
torney General, for defendant in error.

Opinion of the court by

PANCOAST, J.: At the August, 1903, term of the dis-
trict court of Greer county the plaintiff in error was tried and
convicted of the crime of stealing a domestic animal, and

sentenced to five years' imprisonment in the territorial penitentiary.

On appeal from that judgment, two errors only of the trial court are complained of; first, that the indictment failed to state the value of the animal alleged to have been stolen; second, that the court erred in refusing to give instruction number two, requested by the defendant. Of these in their order.

The indictment was drawn under article one of chapter twenty of the Session Laws of 1895, which provides that if any person shall steal any stallion, gelding, etc., he shall be guilty of a felony, and on conviction thereof shall be punished by confinement in the territorial penitentiary for a term of not less than one nor more than ten years.

The indictment does not contain any allegation of value, and it is for the want of this allegation that the indictment is claimed not to state facts sufficient to constitute a public offense. In speaking of this question in the case of *Hughes v. Territory,* 8 Okla. 37, Justice Burwell, speaking for the court said:

"The only difference between the crime of stealing a domestic animal under the act of 1895 and larceny at the common law, is that this act abolishes the degrees of the crime and makes the stealing of any of these animals a felony, without regard to the amount of their value. By this, however, we do not mean to convey the idea that a thing which has no value can be stolen, although there are some authorities which hold that it is neither necessary to allege nor prove value except for the purpose of fixing the degree of the crime."

The question here, however, was not deemed to be properly before the court in that case, and the court specifically de-

·clined to pass upon the question. It is now squarely before us.

It is claimed by the plaintiff in error that property to be the subject of larceny must, at common law as well as under this statute, have some value, and that therefore the indictment should contain some specific allegation of value, and the proof should conform thereto. With the first part of this proposition, viz., that property to be the subject of larceny must have some value, we fully concur, but with the remaining portion, that the indictment must contain a specific allegation of value, and that the proof must conform thereto, we cannot agree. We think the modern law bearing upon this proposition does not uphold the views of counsel for plaintiff in error, but, on the contrary, upholds the other doctrine, viz., that laid down by Mr. Desty in his work on Criminal Law, and followed by other authorities, to the effect that "Value is material only when the offense is graded by the same, but some value is· always necessary." Bishop in his work on Criminal Procedure, section 541, treating of this subject, lays down the rule that since larceny is divided into two degrees, or otherwise varied in punishment by the value of the thing stolen, it has become the ordinary rule, often expressed in the books without qualification, that an indictment for this offense must allege the value of the article stolen, and that the proof of value will be adequate if it simply shows to which of the two or more classes, meriting corresponding punishment, the offense belongs. And if the statute makes it a distinct crime to steal a horse or any other specified article, irrespective of its value, the value need not be alleged in the indictment,

but must be whenever it is an element of the punishment.

We think that practically all the modern cases follow this rule. Some of the statutes, however, are not in the exact language of ours, but the principle underlying is the same. Chief Justice Horton, in speaking for the court in the case of the *State v. Small,* 26 Kan. 209, follows this rule, the information in that case alleging the embezzlement of one gelding, the personal property of Joshua Robinson. Counsel for the appellant contended that the information did not state facts sufficient to constitute a public offense, because the value of the gelding was not set forth. The court, however, held that the objection was not well taken, for that the statute provided that the embezzlement of any money, goods, rights in action, property or valuable security, embraced all classes of personal property, and that the punishment prescribed by the statute is the same as for stealing property of the nature and value embezzled; as it was not necessary in the information charging the larceny of a horse or gelding, to give the value thereof, it was not necessary to allege or prove the value in that prosecution.

Again, in the case of the *State v. Kyle,* 41 Pac. 147, Chief Justice Hoyt, speaking for the supreme court of Washington, and having under consideration a case of stealing domestic animals, the statute of that state being similar to ours, in which case, however, the information stated the value of the animals to be twenty dollars per head, it was conceded that the information would have been sufficient if the allegation of value had been entirely omitted, but inasmuch as it had not been omitted, but had been inserted, it entirely changed the effect of the information, and that it no longer

charged simply the crime of stealing cattle, but charged the crime of grand larceny, the argument being that since it was unnecessary to state the value of the animals in order to properly charge the crime of stealing cattle, that inserting an allegation of value changed the crime to grand larceny and that, therefore, it became necessary to prove the value as alleged.

The court refused to take that view of the law, and held that the information was valid; that the allegation of value being unnecessary, it should be rejected as surplusage; that all of the facts constituting the crime of stealing domestic animals were alleged in the information, and being sufficient to charge that crime, it would be presumed that the facts alleged charged that crime and no other, and that it was unnecessary either to allege or prove any specific value.

Also, in the case of *Chestnut v. People,* 42 Pac. 658, the supreme court of Colorado, having under consideration a case of the larceny of domestic animals under a statute providing that the stealing of domestic animals regardless of value would constitute the crime of grand larceny, it was held that it was necessary to allege and prove value in cases of larceny, only when the value of the property alleged to have been stolen determined the grade of the offense and the punishment to be imposed; and where the punishment does not depend upon the value of the articles stolen, proof of value is unnecessary. While it may be true that things of no value are not the subject of larceny, still the animals enumerated in the statute are from their very nature and use of some value, and this value may be inferred by the jury from their description, even though there is no direct evidence

upon that point. Citing *Territory v. Pendry,* [Mont.] 22 Pac. 760; *Houston v. State,* 13 Ark. 66; *Lopez v. State,* 20 Texas 780; Rap. Lar. & Kin. Off., sec. 140 and 141.

In the Montana case, *supra,* the court say that only such animals are enumerated by the statute as are universally acknowledged to be valuable, and the same punishment is meted out to the offender without regard to its value. That the property was of some value may be inferred from the facts and circumstances of the case, even though there be no direct testimony upon the point. In this case, the court say that there are some decisions to the contrary effect, but they may be all readily reconciled upon some contrary reason or rule that does not apply to that case.

We might here add that we cannot conceive of an animal such as is mentioned in our statute, the stealing of which is made a felony, being without some value, but even should there be a case presented in which it appeared that the animal was of no value, the trial court would no doubt direct an acquittal. In dealing with the question of value in this class of cases, the jury would have the right to use their common knowledge, and the question of value in such cases can readily be determined by evidence which shows the nature, the age, the size, and general characteristics of the animal, without evidence of value in a specific amount. The views laid down here are upheld by the following authorities: Hughes' Criminal Law and Procedure, sec. 434; *Mc-Daniels v. People,* 118 Ill. 303; *Shepard v. State,* 42 Ala. 541; *State v. Sharpe,* [Mo.] 17 S. W. 235.

The next proposition goes to the question of description of the animal alleged to have been stolen. The indictment in describing the property reads as follows:

"Did take, steal and carry away a certain domestic animal, to wit, a horse about two and a half years old, the said horse having been a stallion until about the time he was so taken, and having been castrated and made a gelding about the time he was so taken, so that the grand jurors cannot ascertain and do not know whether said horse was a stallion or a gelding at said time."

This subject has been before the various courts in many different phases. The general rule upon this subject is that the article stolen should be described in the indictment with such certainty as will enable the jury to decide whether such article shown to have been stolen is the same with that upon which the indictment is founded, and show judicially to the court that it can be the subject-matter of the offense charged, and enable the defendant to plead his former acquittal or conviction to a subsequent indictment or information relating to the same article. The grand jury is required to describe the property with such particularity only as they can obtain from the evidence before them. The remainder of the description, to fill the ordinary requirements of the law, may be alleged as unknown. The only uncertainty of description in the indictment in this case was as to whether or not the animal was a gelding or a stallion, the grand jury being unable to ascertain. The reason for this uncertainty, however, is specifically set out in the indictment, and when so set out and explained, it seems to us that the uncertainty of description is excused and it was unnecessary to state the same further. There was no uncertainty in the minds of the grand jurors as to the identity of the animal, the only uncertainty being as to when the animal had been castrated, whether before or after it was stolen, and we think

from an examination of the evidence contained in the record in this case, that the matter was not made entirely clear at the trial.

We think the indictment is sufficient to fill all of the requirements of the general rule, but if not sufficient in that respect, it is sufficient when a full and complete description cannot be given, for the grand jury to so state and to state that a better description cannot be given. (*John Reeves v. Territory of Oklahoma,* 10 Okla. 196; Bishop's Criminal Procedure, vol. 1, sec. 553; Enc. P. & P. vol. 12, p. 983; *Commonwealth v. Gallagher,* 126 Mass. 54; *Commonwealth v. Hussey,* 111 Mass. 432; *State v. Taunt,* 16 Minn. 109.)

Counsel contend that where the indictment fails to fully describe the property alleged to have been stolen, and avers that a better description cannot be given, that upon the trial the question of the truthfulness of such allegation may be traversed, and if the allegation is shown to be untrue, that the defendant should be acquitted. In the 126 Mass., *supra.,* the court refused to give an instruction to the effect that if the jury found that the grand jury had a full description of the property, and could have fully described it in the indictment but did not do so, but, on the contrary, alleged that a better description could not be given, they should acquit. In the case of the *State v. Taunt, supra,* the court held that the averment in an indictment that a more particular description of the property is unknown, is not traversable. We think this is the better doctrine. If the want of proper description or the allegation that a better description could not be given by the grand jury should in any

way prejudice the rights of the defendant, or by reason of the evidence given at the trial, the defendant was taken by surprise, or if he was misled by the language of the indictment, then the court might, very properly grant him a new trial, but in this case, there was no uncertainty about the animal itself. The allegation that the animal was either a gelding or a stallion did not refer to separate and different animals, nor was there anything of uncertainty in that regard. There was but one animal alleged to have been stolen, the description of which was complete, except that the grand jurors were uncertain whether the animal was a stallion or a gelding, but that he was one or the other. Whether one or the other, there was no attempt to charge two animals to have been stolen or one of two different animals.

There being no error in the record, the judgment of the court below is affirmed.

Beauchamp, J., who presided in the court below, not sitting; Burwell, J., dissenting; all the other Justices concurring.