ALBERT SIDNEY WOODRING AND FRANK WOODRING v. THE TERRITORY OF OKLAHOMA.

(Filed June 15, 1905.)

1. **DOMESTIC ANIMALS—Larceny—Statutes.** Sec. 1. art. 1, chap. 20, Session Laws of Oklahoma, 1895, which provides, "that if any person shall steal any stallion, mare. colt, gelding ridgeling, or any ass, genet or mule, or any bull, cow calf, steer, or stag he shall be guilty of a felony and on conviction thereof shall be punished by confinement in the territorial penitentiary for a term of not less than one nor more than ten years" creates a distinct and separate offense from larceny as defined by the statute of Oklahoma, 1893. and does not make the stealing of the domestic animals named in such act grand larceny without regard to value.

2. **TRIALS—Presence of Defendant.** Where the record shows the presence of the defendant in a criminal case at a session of court it will be presumed that he continued to be present in court during the day, or until the first adjournment, unless the contrary is made to affirmatively appear.

3. **CONTINUANCES—Not Granted, When.** Where an affidavit in a criminal case is filed by the defendant in support of his application for a continuance, and the affidavit gives the names of the defendant's witnesses desired, and sets forth what he expects to prove by them, if the county attorney admits that the witnesses if present would so testify, and the court orders that such affidavit may be used as a deposition in said cause, it is not error to overrule the motion for continuance.

(Syllabus by the Court.)

*Error from the District Court of Greer County; before James K. Beauchamp, Trial Judge.*

J. A. Powers and G. A. Brown, for plaintiffs in error.

P. C. Simons, Att'y. Gen. and Don C. Smith, Ass't. for defendant in error.

### STATEMENT OF FACTS.

This is a proceeding in error brought by plaintiffs in error from the district court of Greer county, in which the plaintiffs in error were indicted by the grand jury of that county, charged with the theft of domestic animals, to-wit: Two mares and colts, alleged to be the property of W. J. McDonald. Indictment filed March 7th, 1903. At the August term 1903, of said court, the defendants having been arrested, demurred to the indictment on the ground that the facts therein stated did not constitute a public offense. Demurrer was overruled, defendants excepted, and entered pleas of not guilty. August 29, 1903, the case was called for trial, and the defendant Reynolds, with whom the plaintiffs in error were jointly indicted, was granted a severance. The Territory announced ready, and the defendants announced not

ready, and presented a motion for continuance, supported by affidavit. on the ground of the absence of certain witnesses, in said affidavit named.  The county attorney, in open court, admitted the witnesses named in the motion for continuance, would, if present, testify as alleged in said motion, and it was ordered that the affidavit might be read to the jury as the deposition of the witnesses, whereupon the court over-ruled the defendants' motion for continuance, and defendants excepted.  On the same day the case proceeded to trial, and resulted in a verdict finding the defendants guilty as charged in the indictment.  September 5th, the defendants presented a motion for new trial which was overruled by the court, and the defendants were sentenced, Albert Sidney Woodring to five years, and Frank Woodring to four years in the territori-al penitentiary, to which judgment and sentence the defend-ants excepted, and bring the case here for review.

Opinion of the court by

IRWIN, J.: The first assignment of error urged by the defendants is that the court erred in overruling the defend-ants' demurrer to the indictment.  The charging part of the indictment is as follows:

·"On the first day of August, in the year of our Lord, nineteen hundred, in the county of Greer, and Territory of Oklahoma, aforesaid, did, then and there, unlawfully and fel-oniously, by fraud and stealth, take, steal and carry away four certain domestic animals, to-wit:  Two mares and the two colts of said mares, the corporeal personal property of W. J. McDonald, without consent of the said W. J. McDonald, and with the unlawful and felonious intent to deprive the said W. J. McDonald of said property, and to convert and ap-propriate the same to the use and benefit of themselves, the

said Albert Sidney Woodring, Frank Woodring, and Will F. Reynolds."

This indictment is drawn charging a violation of sec. 1, art. 1, chap. 20, Session Laws of 1895, and the language of the indictment is sufficiently clear and definite to state the crime of larceny, both at common law and under the statute, save and except only the allegation as to the value of the property stolen, and under the decision of this court in the case of *Hughes v. The Territory*, 8 Okla. 28, the rule is clearly laid down that for a violation of this section the allegation of the value is unnecessary, as this section of the statute creates a purely statutory crime, and makes the statement of the crime complete without any allegation of value, and the same doctrine is enunciated in the case of *Woodring v. Territory*, 78 Pac. 85, 14 Okla. 250.

The second assignment of error is, that the court committed error to the prejudice of the plaintiffs in error in overruling their motion for continuance on the ground of the absence of certain witnesses. We think there is no merit in this contention, as our statute clearly provides that no case shall be reversed on account of any technicality that does not affect any of the substantial rights of the parties. In this case the defendants had the full and complete benefit of the testimony of the absent witnesses named by the order of court allowing the said affidavit to be filed as a deposition.

The third assignment of error the plaintiffs in error urge is, that a portion of the trial was had during the absence of the defendants in the court below. This assignment of error is eliminated from the case entirely by the supplemental record filed in this court, January 10, 1905, wherein

counsel for plaintiffs in error admit that this assignment of error is not well taken, and is not sustained by the record.

The fourth, fifth, and seventh assignments of error may be properly considered together. All they contain is the proposition that the verdict of the jury was contrary to the evidence, and not supported by the evidence. We have read the evidence carefully, and we think it not only supports the verdict, but it is such that any other verdict of the jury would have been inconsistent with the evidence; and the rule is elementary, and has been so often announced by this court as to be understood by all members of the bar and the people doing business with the court, that where the evidence reasonably tends to support the verdict of the jury, it will not be disturbed by the appellate court on appeal.

We have examined the instructions of the court, and think they fully and fairly stated the law. If any error at all was committed, it was in granting the first instruction asked by the defendant. That instruction was far more lenient in stating the law than the defendants, in our judgment, were entitled to. If there has been any error, it has been a tendency to give the defendants the full benefit, if not a little more, than the law entitled them to.

We think an examination of the record will show that a full, fair, and impartial trial was had, and that substantial justice has been done. Finding no error in the record, the judgment of the district court is affirmed.

Beauchamp, J., who presided in the court below, not sitting; all the other Justices concurring.