HILLIARD WHITEHEAD, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. In the trial of an indictment for larceny it is always necessary to prove the value of the property alleged to have been stolen, in order to determine the grade of the offence and the penalty to be imposed.

2. When the bill of exceptions in such a case embraces the testimony and does not show the value of the property so charged to have been stolen, and this court cannot see that the proper verdict has been found, the court will award a new trial.

Writ of Error to the Circuit Court for Jackson county. The facts of the case are stated in the opinion.

*J. D. Thompson* for Plaintiff in Error.

*The Attorney-General* for the State.

MR. JUSTICE VANVALKENBURGH delivered the opinion of the Court.

In May, A. D. 1874, the grand jury of the county of Jackson indicted Hilliard Whitehead for larceny. He was tried at the May Circuit in the year 1883, the jury finding him guilty. Counsel for the defendant moved, in the first instance, to quash the indictment, which motion was denied by the court. They then moved for a new trial, which motion was also denied.

A writ of error was then procured and the cause brought to this court. The court sentenced the prisoner to pay a fine of two hundred dollars and the costs of the suit.

The statutes of the State provide that " whoever is convicted of stealing property not exceeding in value twenty dollars shall be guilty of a misdemeanor, and on conviction thereof shall be sentenced to pay a fine of not more than one hundred dollars, or to be imprisoned in the county jail," &c. McC. Dig., 388, §1.

In case of larceny, when the value of the property does not exceed one hundred dollars, the penalty is "by imprisonment in the State penitentiary or county jail not exceeding one year, or by a fine not exceeding three hundred dollars." " If the property stolen exceeds the value of one hundred dollars," the penalty is by " imprisonment in the State penitentiary not exceeding five years, or by a fine not exceeding one thousand dollars and imprisonment in the county jail not exceeding one year." McC. Dig., 360, 317. The indictment alleges that the defendant " did steal, take and carry away fifteen pairs of shoes of the value of thirty dollars; two pairs of fine boots of the value of sixteen dol-

lars; one piece of dress goods of the value of fifteen dollars; one suit of clothes of the value of twenty dollars."

The bill of exceptions signed and sealed brings up the evidence taken on the trial, and we look in vain in that evidence for any proof of the value of the goods so alleged to have been stolen, or any part or parcel of them. It is impossible to see how the jury determined that the value was greater than to constitute a misdemeanor.

The value of the goods so taken must appear in the evidence in order to determine the grade of the offence and the penalty to be imposed.

Judgment reversed and new trial ordered.