DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF CALIFORNIA.

[No. 20178.    Department One. — September 18, 1886.]

## THE PEOPLE, RESPONDENT, v. JOHN D. KNAPP, APPELLANT.

CRIMINAL LAW — MURDER — IMPLIED MALICE — ABSENCE OF PROVOCATION — UNLAWFUL KILLING. — In a prosecution for murder, when no considerable provocation for the killing appears, malice is implied; and if the killing is with malice, it is unlawful.

ID. — CLOTHING OF DECEASED — EVIDENCE — RES GESTÆ. — In such a prosecution, where death was caused by stabbing with a knife, the clothing of the deceased covering the portion of his body where the wound was inflicted is admissible in evidence as part of the res gestæ, for the purpose of showing the violence of the blow, and the course or direction of the incision.

ID. — EXPRESS AND IMPLIED MALICE — DEGREES OF MURDER DISTINGUISHED. — Under section 189 of the Penal Code, to constitute murder of the first degree, the killing must be premeditated, except when done in the perpetration of certain felonies and accompanied with express malice, proved by circumstances independent of the killing. Where the intention to kill is proved by the circumstances preceding or connected with the homicide, there is no question of implied malice; and unless the express malice is affirmatively proved, the defendant cannot be convicted of murder of the first degree, even though his commission of the homicide is proved, and there is no evidence that it is manslaughter or that the killing was justifiable or excusable. In such a case, the verdict should be guilty of murder in the second degree.

ID. — PROOF OF PRIMA FACIE CASE BY PROSECUTION — DEFENDANT MUST OVERCOME BY PREPONDERANCE OF EVIDENCE. — Where the commission of the homicide by the defendant is proved on the part of the people,

LXXI. CAL.—1

and the evidence of the prosecution does not tend to prove the offense manslaughter, or that the homicide was excusable or justifiable, the defendant must prove by a preponderance of evidence that the crime was only manslaughter, or that he was excusable or justifiable.

ID. — DEFENDANT AS WITNESS — EVIDENCE OF — JURY MUST CAREFULLY WEIGH — INSTRUCTION. — On the trial, the defendant testified as a witness in his own behalf. The court instructed the jury that in weighing his testimony they should consider his position, the manner in which he might be affected by the verdict, and the very grave interest he must feel in it, and whether this position and interest might not affect his credibility and color his testimony; but that they should weigh the testimony fairly, and give it such credit as they thought it ought to receive. *Held,* that the instruction was proper.

APPEAL from a judgment of the Superior Court of Humboldt County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*E. W. Wilson,* and *P. F. Hart,* for Appellant.

The court should have instructed the jury to acquit, because the killing was not shown to have been unlawful, or with malice aforethought. (*Stokes* v. *People,* 53 N. Y. 164; *Bohannon* v. *Commonwealth,* 8 Bush, 481; *Maher* v. *People,* 10 Mich. 212; *People* v. *White,* 24 Wend. 520; *Wilson* v. *People,* 4 Park. Cr. 619; *State* v. *Hicks,* 27 Mo. 588; *Kent* v. *People,* 8 Col. 563; *People* v. *Clark,* 7 N. Y. 393; *Fitzgerald* v. *People,* 37 N. Y. 418; *People* v. *Schmidt,* 64 N. Y. 28; Wharton's Crim. Ev., sec. 738.) The instruction that the defendant, after the prosecution has proved the killing, must prove circumstances of justification or mitigation by a preponderance of evidence, was erroneous. (*People* v. *Smith,* 59 Cal. 601; *People* v. *Marshall,* 59 Cal. 386; *People* v. *Flanagan,* 60 Cal. 2; *State* v. *McCluer,* 5 Nev. 132; *Stokes* v. *People,* 53 N. Y. 164; *State* v. *Bartlett,* 43 N. H. 224; S. C., 80 Am. Dec. 154; *Hopps* v. *People,* 31 Ill. 385; S. C., 83 Am. Dec. 231; *Hall* v. *State,* 8 Ind. 439; *State* v. *Wings,* 66 Mo. 181; *French* v. *State,* 12 Ind. 670; S. C., 74 Am. Dec. 229; *State* v. *Porter,* 34 Iowa, 131; *State* v. *Hill,* 69 Mo. 451; *Chaffee* v. *United*

*States,* 18 Wall. 517; *Commonwealth* v. *McKie,* 1 Gray, 61; S. C., 61 Am. Dec. 410; *Alexander* v. *People,* 96 Ill. 96; *Kent* v. *People,* 8 Col. 563; Pen. Code, secs. 1096, 1105.)

*Attorney-General Marshall,* and *G. W. Hunter,* for Respondent.

The killing being proved, malice and unlawfulness are presumed. (Pen. Code, secs. 1105, 1881.) The instruction that the defendant must show circumstance of mitigation or justification by a preponderance of evidence was not erroneous. (*People* v. *Raten,* 63 Cal. 422; *People* v. *Hong Ah Duck,* 61 Cal. 387; *People* v. *Callaghan,* 5 West Coast Rep. 742.) The clothing worn by the deceased was properly admitted in evidence. (*People* v. *Hong Ah Duck,* 61 Cal. 391; *People* v. *Majors,* 65 Cal. 138.)

McKINSTRY, J.—This is an appeal by the defendant, who was found guilty in the Superior Court of murder of the second degree. Appellant contends the court below erred in refusing to instruct the jury to acquit the defendant of murder, because the evidence on the part of the people failed to show an "unlawful" killing, or a killing "with malice aforethought." It is admitted that the deceased was stabbed with a knife by defendant, and that he died from the wound so inflicted. Malice is implied "when no considerable provocation appears." (Pen. Code, sec. 188.) No provocation appeared from the evidence given by the prosecution. If the killing was with malice, it was unlawful.

We cannot say the court erred in permitting the prosecution to introduce the clothing worn by the deceased when he was slain. The fact that the coat, brace or suspender, and other covering of the region of the body where the wound was inflicted, were cut through, tended to prove the violence of the blow, and also, perhaps, tended to prove the course or direction of the incision. In *People* v. *Hong Ah Duck,* 61 Cal. 391, this

court said that the clothing worn by the deceased at the time of the homicide may sometimes be important evidence as part of the *res gestæ.*

It is urged that a certain instruction given at the request of the people, and an instruction given at the request of the defendant, are contradictory. The instruction referred to as given at the request of the prosecution is in the language of section 1105 of the Penal Code, with an addition of the words " and this he may show by a preponderance of evidence merely," and is as follows: " Upon a trial for murder, the commission of the homicide by the defendant being proved, the burden of proving circumstances in mitigation, or that justify or excuse it, devolves upon him, unless the proof on the part of the prosecution tends to show that the crime amounts only to manslaughter, or that the defendant was justified or excusable; and this he may show by preponderance of evidence merely."

The instruction referred to as given at the request of the defendant reads: " Under this definition [murder] you will at once observe that before any killing of a human being can be murder, it must be shown,—1. That the killing was unlawful; 2. That the killing was with malice aforethought. And in this connection I charge you that it devolves upon the people to establish the affirmative of each of these elements to a moral certainty and beyond a reasonable doubt."

If it be true that when there is no evidence on the part of the prosecution tending to mitigate the offense, or to show that the killing was excusable or justifiable, the case of the people, made out by proof of the commission of the homicide by the defendant, can only be overcome by a preponderance of evidence that the crime was manslaughter only, or that the killing was justifiable or excusable, there is no conflict in the two instructions. In that case proof of the homicide by the defendant establishes the malice aforethought beyond a reasonable

doubt, and the reasonable doubt cannot be defeated by an attempted affirmative defense,—unsuccessful because not established by a preponderance of evidence.

It seems to be intimated by the learned Chief Justice in *People* v. *Smith*, 59 Cal. 607, that the evidence on the part of defendant need not preponderate. But there the judgment only was concurred in by Sharpstein, J., and Thornton, J.

In *People* v. *Flanagan*, the judge of the Superior Court charged the jury: " To justify the commission of a homicide upon the ground that it was necessary in defense of one's property, it must be made to appear, by a preponderance of testimony, that the person killed was manifestly endeavoring *and* intending by violence and surprise to commit a felony." This court (60 Cal. 3) held the instruction erroneous,—apparently on the ground that in the instruction the word "and" was substituted for the word "or" of the statute; that the instruction tended to deprive the defendant of the benefit of the doctrine of "appearances"; and that it also tended to deprive him of the benefit of the doctrine of reasonable doubt.

In the opinions in *People* v. *Smith* and *People* v. *Flanagan*, reference is made to language used by Rapallo, J., who delivered a concurring opinion in *Stokes* v. *People*, 53 N. Y. 181. In that case the plaintiff in error had been convicted of murder in the first degree. The court referred to the statute, which provided, in effect, that an unlawful killing, unless it be manslaughter, excusable or justifiable homicide, should be murder in the first degree, "when perpetrated from a premeditated design to effect the death of the person killed, or of any human being." Grover, J., said; "It was under this provision that the prosecution sought to convict the prisoner. To justify such conviction, it was necessary for the prosecution to prove all the facts bringing the case of the prisoner within it." (Id. 179.) In the oyer and terminer the

judge had charged the jury: "The fact of killing being conceded, and the law implying *motive* from the circumstances of the case, the prosecutor's case is fully and entirely made out, and therefore you can have no reasonable doubt as to that, unless the prisoner shall give evidence sufficient to satisfy you that it was justifiable under the circumstances of the case." Commenting on the charge in the Court of Appeals, Grover, J., said: "The instruction was, and the jury must have so understood it, that the law implied motive, and consequently the crime of murder *in the first degree*, from the proof of killing by the prisoner," etc. (Id. 178.)

To be murder of the first degree, the killing (under our statute) must be premeditated, except, at least, when done in the perpetration of certain felonies. (Pen. Code, sec. 189.) There must be manifested express malice, proved by circumstances independent of the killing,— a deliberate intention "to take away the life of a fellow-creature." (Pen. Code, sec. 188.) Where such intention to kill is proved by the circumstances preceding or connected with the homicide, there is no question of "implied" malice; and unless the express malice is affirmatively proved, a defendant cannot be convicted of murder of the first degree, even though his commission of the homicide is proved, and there is no evidence that it is manslaughter, or that the killing was justifiable or excusable; but in such case, the verdict should be guilty of murder of the second degree.

A former New York statute provided that a homicide, unless it were manslaughter, or excusable or justifiable, should be murder "when perpetrated from a deliberate design to effect the death of a person killed, or of any human being." In *Wilson* v. *People*, 4 Park. Cr. 619, cited in *Stokes* v. *People*, it was held that to constitute murder under the statute, "an actual intention to kill" must in all cases be proved. The court said: "It is now well settled that [to constitute murder], under our stat-

utes, there must be a premeditated design to effect the death of the person killed, or in other words, an intention to kill. The design may be long meditated, or it may be conceived at the moment the fatal blow is given; but it must be found to exist, else it is not murder. There must be—*what the common law did not require*—an actual intention to kill." (Id. 642.) And the court added: "The effect of our statute is to explode the whole common-law doctrine of implied malice, and the power of recent provocation to reduce the act from murder to manslaughter." (Id. 643.) The court held that in every case of murder under the New York statutes (as in cases of murder of the first degree under our Code), the intent to kill must be affirmatively established by the circumstances of the killing; and as a consequence, that the mere fact of the killing, without evidence of provocation, did not imply malice.

The New York cases turn on the peculiar language of the statutes defining murder. None of them refer to a statutory provision like section 1105 of the Penal Code; and if it should be conceded that the section is but declaratory of the common-law rule, the rule had no existence in New York, because, by the statute defining murder, it was required that the express malice—the actual intent to kill—should in every case be affirmatively made out in the first instance, in order to prove a murder. It is apparent that the New York decisions have no bearing on the question of the *quantum* of evidence sufficient to overcome the *prima facie* case of murder proved by the homicide by the defendant, without evidence tending to prove manslaughter, or excuse or justification, because there such proof did not establish murder *prima facie*.

In *Commonwealth* v. *York*, 9 Met. 93, S. C., 43 Am. Dec. 373, the doctrine is laid down that when the killing is proved to have been committed by the defendant, and nothing further is shown, the presumption of law is that

it was malicious and an act of murder. (*Commonwealth* v. *Hawkins,* 3 Gray, 465.) Such we understand to be substantially the effect of section 1105 of our Penal Code; but in such case, by our law, the verdict should be murder of the second degree, and not murder of the first degree, since the actual intent to take life is not expressly proved, nor proved by evidence of the homicide only.

We must consider it as settled in this state that where the commission of the homicide by the defendant is proved on the part of the people, and the evidence of the prosecution does not tend to prove the offense manslaughter, or that the homicide was excusable or justifiable, the defendant must prove by a preponderance of evidence that the crime was only manslaughter, or that he was excusable or justifiable. In *People* v. *Hong Ah Duck,* 61 Cal. 387, this court decided that section 1105 of the Penal Code, which casts on the defendant the burden of proving circumstances of mitigation, or that justify or excuse a homicide, unless the proof on the part of the prosecution tends, etc., requires that the evidence on the part of the defendant shall preponderate. That case was decided in bank. The opinion was concurred in by four justices, and is sustained by cases therein cited. And *People* v. *Hong Ah Duck, supra,* was followed in *People* v. *Raten,* 63 Cal. 422.

Sections 1096 and 1097 of the Penal Code are as follows:—

"Sec. 1096. A defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to an acquittal.

"Sec. 1097. When it appears that the defendant has committed a public offense, and there is reasonable ground of doubt in which of two or more degrees he is guilty, he can be convicted of the lowest of such degrees only."

In *People* v. *Rodrigo,* 69 Cal. 601, this court (in bank)

said: "Even in cases of homicide, however, the burden of proving beyond a reasonable doubt that a killing is criminal is upon the prosecution. This does not mean that the prosecution must anticipate a defense, and affirmatively establish (by evidence other than that of the killing) that the homicide was *not* justifiable. When the people have proved the killing, and no evidence has been given tending to prove justification, they have performed the task imposed upon them, and proved *prima facie* the guilt of the defendant beyond a reasonable doubt. By reason of statutory rule of evidence, the *prima facie* case of the prosecution can be overcome only by proof of justification established by a preponderance of evidence. In case the prosecution has given evidence tending to prove self-defense, the defendant is entitled to the benefit of it. If not sufficient of itself to establish self-defense, the defendant is entitled to connect it with evidence which *he* may introduce; and if all the evidence bearing on the subject, taken together, preponderates in his favor as to the issue of justification, he should be acquitted. Section 38 of the act of 1850, 'concerning crimes and punishments,' and section 1105 of the Penal Code, do not change the rule which casts on the prosecution the burden of proving (beyond a reasonable doubt) the act of a defendant to be a crime. They fix the *quantum* of evidence which is necessary to overcome the proof on the part of the prosecution, which, until overcome, establishes beyond a reasonable doubt the guilt of the defendant. Nothing was decided in the cases of *People* v. *Milgate*, 5 Cal. 127; *People* v. *Stonecifer*, 6 Cal. 405; *People* v. *Arnold*, 15 Cal. 476; *People* v. *Hong Ah Duck*, 61 Cal. 387, which conflicts with these views. That a rule at least as broad as that laid down in the instruction asked and refused is correct, in cases other than homicides, seems decided in *People* v. *Cheong Foon Ark*, 61 Cal. 528."

The decision in *People* v. *Hong Ah Duck*, necessarily

determines that the sections of the Code last cited are controlled and limited by section 1105 when the conditions spoken of in that section exist; that the burden of proof is then shifted to the defendant (see head-note, section 1105, to chapter 2, title 7, part 2, of the Penal Code), and that the burden of establishing an affirmative defense being thus transferred, the rule as to reasonable doubt, with respect to the case of the prosecution, is not applicable.

This seems to have been the idea of Mr. Justice Baldwin in *People* v. *Arnold*, 15 Cal. 482, where that learned judge, commenting on a charge that, where the fact of a homicide is shown, etc., then it is for the defendant to show by a preponderance of the testimony that the killing was justifiable, said: "The authorities seem to hold this as a general proposition; but this proposition is subject to the qualification that, where the testimony of the prosecution leaves a doubt as to the character of the homicide, then the benefit of the doubt is to be given to the prisoner."

At the request of the prosecution, the judge below instructed the jury: "The defendant has been examined as a witness on his own behalf. This it is his right to be, and the jury will consider his testimony as they will that of any other witness examined before you. It is proper, however, for the jury to bear in mind the situation of the defendant, the manner in which he may be affected by your verdict, and the very grave interest he must feel in it; and it is proper for the jury to consider whether this position and interest may not affect his credibility, and color his testimony, but you are to weigh it fairly, and give it such credit as you think it ought to receive."

It is insisted that the instruction is "contradictory and incomprehensible in itself." The defendant was on trial for a criminal offense, and if convicted, was to be subjected to punishment. The jurymen could not and

ought not to close their eyes and minds to these incontrovertible facts. They were not instructed to discredit his testimony because of such facts, but to inquire whether they induced him to "color" his statements. They were not instructed to treat the defendant's testimony differently from that of any other witness, but were told it was their duty to consider it fairly, and to give it such credit as it deserved; and in weighing it, to consider undisputed circumstances which might tend to affect his credibility as they should consider circumstances, proved or uncontroverted, which might affect the credibility of any other witness.

Judgment and order affirmed.

Ross, J., and Myrick, J., concurred.