THE STATE v. HOBBS, *Appellant.*

Division Two, November 9, 1893.

Criminal Practice: DEFENDANT AND HIS WIFE AS WITNESSES: INSTRUCTION. An instruction, on a criminal trial, that defendant and his wife are competent witnesses for the defendant and that the jury should not discard their testimony for the reason alone that one is defendant on trial and the other is his wife, but such facts may be considered by the jury in determining the credit to be given to their respective testimony, is erroneous in that it tells the jury by implication to disregard defendant's and his wife's testimony on some ground, but not alone because he is the defendant on trial or because she is his wife. (*State v. Austin,* 113 Mo. 538 followed.)

*Appeal from Lincoln Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED.

*Norton & Avery* for appellant.

*R. F. Walker*, Attorney General, for the state.

The cause will have to be reversed upon the authority of the *State v. Austin*, 113 Mo. 538.

SHERWOOD, J.—The trial in this cause resulted in defendant being convicted of manslaughter in the fourth degree and his punishment assessed at a fine of $500.

Among other instructions given by the court of its own motion was the following: "The jury is further instructed that the defendant and his wife are competent witnesses in behalf of the defendant, and the jury should not discard their testimony for the reason alone that one is the defendant in this case and on trial, and the other is his wife; but such facts may be considered by the jury in determining the credit to be given to their respective testimony; and the jury is further instructed that they are the sole judges of the credibility of the witnesses and of the weight of the evidence, and if the jury believe from the evidence that any witness has intentionally sworn falsely as to any material fact in the case, then they are at liberty to disregard the whole or any part of the testimony of such witness."

This instruction, so far as the defendant is concerned, is the counterpart of one given by the same learned judge in *Austin's case*, 113 Mo. 538, which was one cause of reversal in that case. The instruction

here is doubly erroneous, for the reason that a similar rule is laid down in it as to the *wife* of defendant.

Judgment reversed and cause remanded. All concur.