STATE OF MISSOURI, Appellant, v. ROSS W. LATSHAW, Respondent.

Kansas City Court of Appeals, November 18, 1895.

1. Criminal Law: JUSTICE'S FAILURE TO REPORT CONVICTION AND EXECUTION: INDICTMENT.   In an indictment against a justice of the peace for neglect to report, as required by section 4370, Revised Statutes, 1889, the conviction and fining of persons in his court and the issuing of execution on such conviction for the collection of such fine which avers that the execution was delivered "to the proper officer for collection and service," is insufficient for indefiniteness and uncertainty in not naming the particular constable to whom such execution was delivered.

2. Definitions: PROPER OFFICER: CONSTABLE.   The terms proper officer and constable are not even legal equivalents and do not necessarily mean the same person.

*Appeal from the Clay Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*Wm. T. Jamison* for appellant.

The indictment in this case was drawn under sections 4370 and 4372, Revised Statutes, 1889, which read as follows:   Our statute, section 8185, Revised Statutes, empowers sheriffs to execute final process issued by justices of the peace, and section 11 of

State v. Latshaw.

the act of February 1, 1871 (Sess. Acts, 1871, p. 88), which creates the office of marshal of Jackson county, confers on said marshal all the power in criminal cases possessed by sheriffs. It results that the sheriff or marshal may as properly collect a fine adjudged by a justice of the peace as a constable. These fines adjudged by justices of the peace in misdemeanor cases constitute a large part of the county revenues, and I submit that said section 4370 should be construed according to its language as requiring the justices to report all the fines adjudged by them, to the county officials charged with the collection, custody, and disbursement of those revenues. The purpose of the requirement of the statute in calling for the report from the justices to the county officials, was to give information to those officials of the fines, so that the payment of the fines could be enforced, and this being so it is wholly immaterial whether the fines are collected by the sheriff, constable, or marshal or by the justice. It follows the court below erred in its ruling sustaining the demurrer.

*J. W. Beebe* for respondent.

(1) This prosecution is founded upon sections 4370 and 4372, quoted in the brief of the state. It will be observed under section 4370 that it is only where a constable is charged with the collection of the fine that the justice is required to make a report within ten days. It is plain that the purpose of this law was to enable the county treasurer to "charge the constable with the amount of the fine" so that if the constable should not pay the fine into the county treasury on or before the return day of the execution, the county court should on proper notice being given to the constable

and his sureties render judgment against them for the amount due, etc. (2) There is no statute requiring the justice to make a report within ten days to the county treasurer and clerk of the county court where the execution is delivered to the county marshal. In the present case the execution could as well have been delivered to the marshal as the constable, section 8185, Revised Statutes. The marshal is as "proper an officer" to deliver the execution to as the constable. (3) "The allegation of the indictment must bring the accused strictly within the penal statute sought to be enforced." "Nothing is taken by intendment in a criminal prosecution, and the indictment must negative the innocence of the defendant." *State v. Austin*, 113 Mo. 538.

GILL, J.—This cause originated in Jackson county; a change of venue was taken to Clay county, where the court sustained a demurrer to the indictment, and the state appealed.

The defendant, a justice of the peace, was prosecuted for the violation of section 4370, Revised Statutes, 1889. That section makes it the duty of a justice before whom parties may be adjudged guilty of a misdemeanor and fined, to report to the clerk of the county court and county treasurer, within ten days after judgment, "the amount of the fine and return day of the execution, and the name of the *constable charged with the collection thereof.*" And then unless the constable shall collect and pay the same into the county treasury, on or before the return day of the execution, the county court is authorized, on due notice, to enter judgment against the constable and his sureties for the amount, with a penalty of twenty per cent, making, however, deductions for insolvencies. Section 4372

makes the failure or refusal of the justice to perform this duty a misdemeanor.

The indictment here in question charged the defendant justice with entering a judgment against, and imposing a fine on, one Stella Walker; that said justice thereupon issued an execution against said Walker, "which said execution was then and there duly delivered *to the proper officer* for collection and service thereof. It was further charged that said justice unlawfully and willfully neglected and refused to make report of such judgment, fine and execution to the county treasurer and county clerk, giving "the name of the officer charged with the collection thereof," etc.

By reference to said section 4370, it will be seen that this report of the justice to the county officers is only required where the execution is placed in the hands of a *constable* for collection. This report by the justice of fine imposed and execution issued, must state the "name of the *constable* charged with the collection thereof;" and if this officer is delinquent in collecting and accounting for such fine, then the county court shall, on proper notice, enter judgment against said *constable* and his official bondsmen.

The defendant was charged with a mere statutory misdemeanor and before he could legally be called to answer therefor, the indictment must specifically charge all the material facts which go to make up the offense. A charge that he delivered the Walker execution "to the *proper officer for* collection and service" was not necessarily a delivery thereof to the *constable;* the terms *proper officer* and constable are not even what may be termed *legal equivalents*; they do not mean necessarily the same person, for such an execution might lawfully have been entrusted to the marshal of Jackson county. Under section 8185 of the Revised Statutes, the sheriff was authorized to execute such final process of the

justice; and by the act creating the office of marshal of Jackson county (Laws of 1871, p. 87) these duties were transferred to said marshal. The marshal of Jackson county, then, comes as well under the designation of "the proper officer" as does the constable. If, then, it should have turned out in proof that such execution was placed in the hands of the county marshal and not entrusted to the constable, the defendant must surely have been acquitted and discharged of the offense created by the statute. The indictment must negative the innocence of the defendant. Every word of this indictment may be true, and yet the defendant Latshaw not be amenable to this statute. This is said to be an efficient test. *State v. Austin*, 113 Mo. 538. It will not do to say that "proper officer" is substantially the same as constable. It is true that a constable might be considered a species under the generic term; but so could the county marshal be denominated a "proper officer" for the collection and service of the execution. Indictments must be so framed as to *definitely* and *certainly* charge an offense, not in dubious language, but in such terms that the accused can fully and clearly understand the full scope and meaning of what he must meet. "In criminal prosecutions, nothing is taken by intendment." *State v. Austin, supra.* The allegations of the indictment must bring the accused strictly and surely within the terms of the offense as defined in the statute. In this the indictment under consideration failed, and the demurrer thereto was correctly sustained.

Judgment affirmed. All concur.