Lang v. State.—Syllabus.

## S. R. LANG, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. An indictment for larceny under Section 2440, Revised Statutes, in proper form and found to be a true bill by a grand jury in a court having jurisdiction of the subject-matter, properly signed, endorsed and presented as required by statute, and describing the property alleged to have been stolen as one hundred dollars, of the currency of the United States of America, the denomination of which was to the grand jurors unknown, of the property of a named person, is not so defective in reference to the description of the property as to amount to no indictment.

2. In criminal pleading the omission to state some matters of description, not essential constituents of an offence, but which are required to be stated if known, may be excused by an allegation that they were unknown to the indicting grand jury, and this rule applies to the description of property in indictments for larceny.

3. Whether the allegation in an indictment for larceny of a want of more perfect knowledge of the description of the property alleged to have been stolen is subject to enquiry before the trial jury, need not be considered in a case where there is no evidence that the grand jury was in possession of information that would enable them to give a better description.

4. The trial court should not by any arbitrary standard direct the jury thereby to weigh and estimate the testimony of a defendant who takes the stand as a witness.

5. A request to charge on behalf of a defendant who testifies in his defence that the jury have no right to disregard his testimony on the ground alone that he is the defendant in the case, is properly refused, especially where the court instructs the jury fully as to how they should weigh the testimony of witnesses generally.

6. In an indictment for grand larceny under a statute providing that if the property stolen is of the value of twenty dollars or more the offence shall be grand larceny, and if the value is less than twenty dollars, the offence shall be petit larceny, with punishments graduated to each offence, the testimony should show property stolen of sufficient value to sustain the sentence imposed by the court.

7. In identifying the property alleged to have been stolen the evidence must substantially correspond with the description given in the indictment, but this may be done by circumstantial as well as direct proof.

8. Evidence held sufficient to sustain a verdict.

Writ of Error to the Circuit Court for Nassau County.

The facts in the case are stated in the opinion of the Court.

*T. A. and B. B. MacDonell* for Plaintiff in Error.

*The Attorney General* for Defendant in Error.

MABRY, J.

The following indictment was presented against the plaintiff in error, *viz*: In the name and by the authority of the State of Florida. The grand jurors of the State of Florida, empanelled and sworn to enquire and true presentment make, in and for the body of the county of Nassau, upon their oaths do present that S. R.

Lang, late of the county of Nassau and State of Florida, on the 19th day of March, in the year of our Lord one thousand nine hundred, in the county and State aforesaid, one hundred dollars, of the currency of the United States of America, the denomination of which is to the grand jurors unknown, of the value of one hundred dollars, of the property, money and goods of one Hays Watson, then and there in the possession of the said Hays Watson being found, feloniously did steal, take and carry away, contrary to the statute, etc. This indictment was signed by the State Attorney, endorsed a "true bill" over the signature of J. H. Cartwright, foreman of the grand jury, and was presented in open court by the grand jury and marked filed by the Circuit Clerk. The plaintiff in error, upon arraignment, pleaded not guilty, was found guilty by the jury and sentenced by the court to the State Penitentiary for the period of three years.

Motions in arrest of judgment and for a new trial were made and overruled by the court. The one in arrest of judgment was upon the ground that no true bill was found on the said indictment or could have been found as is manifest on the face of the indictment. The overruling of this motion is the first error assigned.

An indictment is defined as "a written accusation against one or more persons of a crime or misdemeanor presented to and preferred upon oath or affirmation by a grand jury legally convoked." "An accusation at the suit of the Crown found to be true by the oaths of a grand jury." 1 Bouv. Law Dictionary, Rawle's Revision page 1018. The record evidence in this case is that the indictment was found to be a true bill by a grand jury in a court having jurisdiction of the subject-

matter, and was signed, endorsed and presented as re-
quired by statute. The court correctly overruled the mo-
tion in arrest on the ground that no true bill was found
or could have been found on the indictment as appear-
ed on its face. The indictment itself shows that it was
found by a grand jury in the way provided by law and
there is nothing to the contrary shown in any part of
the record. Under this assignment of error the argu-
ment of counsel in this court is that the indictment is
bad because of an insufficient description of the prop-
erty alleged to have been stolen, but the motion in ar-
rest does not reach or involve this point. Its ground is
that no true bill was, or could have been, found upon the
indictment. Our statute provides (section 2440 Revised
Statutes) that "whoever commits larceny by stealing of
the property of another any money, goods, or chattels,
or any banknote, bond, promissory note, bill of ex-
change or other bill," and certain other instruments of
writing, shall be punished as therein provided, and
whatever may be the extent of the rule under it as to
the description of the property alleged to be stolen
we are satisfied that the indictment found in this case
is not so fatally defective in this respect as to amount
to no indictment. It is well-settled in criminal pleading
that the omission to state some matters of description
not essential constituents of an offence, but which are
required to be stated, if known, may be excused by an
allegation that they were unknown to the indicting
grand jury, and this rule has been applied to the de-
scription of property in cases of larceny. Common-
wealth v. Sawtelle 11 Cush. 142; Commonwealth v.
Grimes, 10 Gray 470, S. C. 71 Am. Dec. 666; People v.
Bogart, 36 Cal. 245; State v. Taunt. 16 Minn. 109; Du-

Boise v. State, 50 Ala. 139; Grant v. State, 55 Ala. 201; Leonard v. State, 115 Ala. 80, 22 South. Rep. 564; McQueen v. State, 82 Ind. 72; Territory v. Shipley, 4 Mont. 468, 2 Pac. Rep. 313; Territory v. Bell 5 Mont. 562, 6 Pac. Rep. 60; Haskins v. People, 16 N. Y. 344; Merwin v. People, 26 Mich. 298, S. C. 12 Am. Rep. 314; Porter v. State, 26 Fla. 56, 7 South. Rep. 145; State v. Shirer, 20 S. C. 392. There is a statement in the present indictment that the denomination of the money alleged to have been stolen was unknown to the grand jury, but we do not consider the sufficiency of the indictment further than to ascertain that it is not void, as no attack was made upon it in the trial court.

It is further contended that the indictment should not be sustained, as it appeared from the proof introduced in the case that the grand jury could have ascertained the character of the money stolen, and given a more perfect description of it in the indictment. Whether the allegation of the want of knowledge on the part of the grand jury is traversable or subject to enquiry need not be considered in this case, as there was no evidence that the grand jury knew the character or denomination of the money alleged to have been stolen. Commonwealth v. Gallagher, 126 Mass. 54.

The court refused to give the following instruction requested by the accused: "that the jury have no right to disregard the testimony of the defendant Lang on the ground alone that he is the defendant, and stands charged with the commission of a crime. The law presumes the defendant innocent until he is proven guilty; and the law allows him to testify in his own behalf, and the jury should fairly and impartially consider his testimony, together with all the other evidence in the case,

and if from all the evidence the jury have any reason-
able doubt as to the guilt of the defendant, they should
give him the benefit of that doubt and acquit him." On
this subject the court instructed the jury that defen-
dants "in criminal cases have the right to take the
stand and testify in their own behalf, the same as any
other witnesses and goes to you to be weighed and
judged upon the same rules as you would judge the evi-
dence of any other witness testifying in the case. In
weighing the testimony of any witness you should take
into consideration the interest, if any, the witness may
have in the result testified about; the reasonableness or
unreasonableness of the testimony as judged by your
canons of common sense; the manner of the witness on
the witness stand; and in fact all the circumstances sur-
rounding the witness is to be considered by you in ar-
riving at your judgment on this matter. If after care-
fully and conscientiously considering, on your oaths as
jurors, all the evidence in the case you have a reason-
able doubt of the guilt of the defendant you must under
your oaths as jurors give him the benefit of such doubt
and acquit him. If, on the other hand, after such careful
and conscientious consideration, you feel you have an
abiding conviction to a moral certainty that the charge
is true, then the charge has been made out to the exclu-
sion of and beyond a reasonable doubt, and it is then
equally your duty to convict the defendant." This in-
struction presented the matter as favorably to the de-
fendant as he could ask and we are of the opinion that
the court did not err in refusing the one requested by
the defendant. Under statutes like ours giving an indict-
ed person the status of a witness at his option (Chapter
4400, act 1895; Hart v. State, 38 Fla. 39, 20 South. Rep.

805), questions have arisen in other courts as to the extent the trial judge can go in charging the jury in reference to the attitude of the defendant when testifying in his own behalf. Allen v. State, 87 Ala. 107, 6 South. Rep. 370; Wilkins v. State, 98 Ala. 1, 13 South. Rep. 312; State v. Cook, 84 Mo. 40; State v. Wells, 111 Mo. 533, 20 S. W. Rep. 232; State v. Austin, 113 Mo. 538, 21 S. W. Rep. 31; State v. Hobbs, 117 Mo. 620, 23 S. W. Rep. 1074; People v. Knapp, 71 Cal. 1, 11 Pac. Rep. 793; People v. O'Brien, 96 Cal. 171, 31 Pac. Rep. 45; People v. Lang, 104 Cal. 363, 37 Pac. Rep. 1031; Muely v. State, 31 Texas Cr. Rep. 155, 18 S. W. Rep. 411; 19 S. W. Rep 915. In some of these States where the appellate court has sanctioned the right of the trial court to call the attention of the jury to the fact that the witness was the party prosecuted, and that fact might be taken into consideration in weighing his testimony, suggestion was made that this be omitted in charges for the reason that it singles out and emphasizes too much the testimony of one witness in the case.

We are of the opinion that it is not the province of the trial court by any arbitrary standard to direct the jury thereby to weigh the testimony of any witness, and in this respect the charge requested was objectionable. The jury should never capriciously reject the testimony of a witness in the case, but in considering conflicting testimony they have the right to disbelieve any witness, whether a party to the record or not. Glover v. State, 22 Fla. 493; Allen v. State, *supra*.

Various other assignments of error are based upon the view that the verdict was contrary to specified portions of the charge given to the jury, and also was not sustained by the evidence. There was no direction for

the jury to acquit the defendant, and the general contention for plaintiff in error is that the evidence is not sufficient to support the verdict.

The property described in the indictment is one hundred dollars, of the currency of the United States of America, and the close point on the evidence is whether it shows the taking of sufficient quantity of the character of money described to amount to grand larceny. Our statute on the subject of larceny already referred to, as amended, provides that if the property stolen is of the value of twenty dollars or more the offence shall be grand larceny, and the punishment shall be imprisonment in the State penitentiary not exceeding five years, or in the county jail not exceeding twelve months or fine not exceeding one thousand dollars; and if the value be less than twenty dollars the offence shall be petit larceny, and the punishment confinement in the county jail not exceeding three months, or fine not exceeding one hundred dollars. Under this statute the testimony should show property of sufficient value to sustain the sentence imposed. Whitehead v. State, 20 Fla. 841. In identifying the property alleged to have been stolen the evidence must substantially correspond with the description in the indictment, in order to sustain the verdict. Glover v. State, 22 Fla. 493; Hart v. State, 55 Ind. 599; Hamilton v. State, 60 Ind. 193 S. C. 28 Am. Rep. 653; State v. Jackson 30 Maine 29; Reg. v. Bond, 4 Cox's Cr. Cas. 231. In case of money stolen it is apparent that in the very nature of the case in many instances it would be unreasonable to insist on any great degree of particularity in the description of the property. It would not be necessary for the witness to use the exact terms employed in describing the proper-

ty in the indictment, but any language showing clearly that the property described was intended will be suffi-cient. And the identity of the money, alleged to have been stolen may be established by circumstances as well as by direct proof. State v. Hoppe, 39 Iowa, 468. Con-ceding that one hundred dollars, of the currency of the United States of America, includes that amount of mon-ey in coin, bank notes, or notes issued by the United States government to circulate throughout the country as a medium of trade (Ex parte Prince, 27 Fla. 196, 9 South. Rep. 659; Dull v. Commonwealth, 25 Gratt. 965; State v. Gasting, 23 La. Ann. 609; Leonard v. State *supra*), we are of the opinion that the evidence sufficient-ly sustains the allegation of the indictment in this re-spect. In other respects the evidence is sufficient, in our opinion, to sustain the verdict, and the judgment must therefore be affirmed. Ordered accordingly.