STATE OF MISSOURI, Respondent, v. BAILEY McFADDEN, Appellant.

Kansas City Court of Appeals, December 5, 1910.

1. **LOCAL OPTION:** Information: An information charging the sale of intoxicating liquor by defendant in a county where the Local Option Law is in force, but which fails to negative the fact that there is no town or city in said county containing 2500 or more inhabitants is not invalid where the information alleges that said law had been adopted in said county. From this allegation this court will take judicial cognizance that it was in force in the entire county, and that there was no town or city in the county having 2500 or more inhabitants.

2. ———: ———. Defendant, a carpenter not engaged in the liquor business, was given money by one Nichols to buy whiskey. He procured the whiskey, and delivered it to Nichols, and they drank some of it together. *Held,* that as the statute makes it unlawful for any person "to directly or indirectly sell, give away or barter in any manner whatever any kind of intoxicating liquor or beverage" the fact that defendant was not engaged in the business or dealing in liquors did not exempt him from the provisions of the statute.

Appeal from Holt Circuit Court.—*Hon. Wm. C. Ellison,* Judge.

AFFIRMED.

*R. B. Bridgeman, John W. Stokes* and *John Kennish* for appellant.

(1) The court erred in overruling defendant's motion to quash the information. Only counties which do not contain a city or cities of 2500 inhabitants or more can adopt the Local Option Law and make the same applicable to the entire county. The information in this case does not allege that the county did not contain a city having 2500 or more inhabitants, and it is only a sale within the limits of a county lying

outside of the corporate limits of such a city, which is made a violation of the Local Option Law in such cases. Sec. 3027, R. S. 1899; Sec. 3032, R. S. 1899. The information must bring the accused strictly and certainly within the terms of the offense described in the statute and should leave nothing to conjecture or inference. State v. Latshaw, 63 Mo. App. 496; State v. Broeder, 90 Mo. App. 156. Where an exception in a statute is contained in the section creating the offense and is descriptive of the offense, it is essential that the exception should be negatived by proper averment. State v. Broeder, 90 Mo. App. 156; Kelly's Criminal Law and Prosecution, sec. 193.    (2)    The information is insufficient and does not properly charge an offense under the law.    It is disclosed on the face of the information that it was not filed by the prosecuting attorney upon his knowledge, information or belief, and it further appears that the information was not founded upon a complaint filed with the justice, nor was the information accompanied by such complaint.    It has been decided by the courts of this state that such informations are not in compliance with the statute and are therefore insufficient. Sec. 2749, R. S. 1899; State v. White, 55 Mo. App. 356; State v. Sartin, 66 Mo. App. 626.    (3)    The court erred in giving on its own motion and over the objections of the defendant, instruction No. 2.    Black on Intoxicating Liquors, sec. 408; 2 Woolen and Thornton on the Law of Intoxicating Liquors, sec. 706; 17 Am. and Eng. Ency. Law, 392, and cases cited; State v. Morton, 42 Mo. App. 64.

*H. T. Alkire,* Prosecuting Attorney, and *Frank Petree,* Assistant Prosecuting Attorney, for respondent.

(1)    The first point made by defendant's counsel is that, while charging that the offense occurred in Holt county, the information does not state that there

is no city in Holt county having 2500 or more inhabitants. Our answer to this is, that courts take judicial notice of the population of cities, counties, states and countries, and, there being no city or town in Holt county containing 2500 or more inhabitants, that fact need not be stated in the information. Of course, if there had been a town or city in Holt county having more than 2500 inhabitants, which had not adopted the Local Option Law, while the balance of the county had done so, then it would have been necessary to have, by proper averment, stated that the sale had occurred in that part of said county lying outside of such city. (2) The second point made by appellant is that the information is not sufficient in that it does not appear to have been filed either upon the knowledge, information and belief of the prosecutor, or upon complaint theretofore filed with the justice or accompanying the information. Our answer to this is, that whether or not said information was accompanied by a complaint, depends upon what is meant in the law by the word "complaint." One of the definitions given by Webster for complaint is "accusation," and that is undoubtedly the exact meaning that the lawmakers had in mind when they enacted section 2749, R. S. 1899, under which this proceeding was commenced. It is true that the "complaint" is not made upon a separate paper from the information —nor do we think that is necessary. Suppose that an affidavit of a person having "actual knowledge" that an offense has been committed, is made, cannot the prosecuting attorney, upon the same paper (either above or below the same) write in an "information" and thus file the one instrument (one paper) covering the whole requirement of "complaint" and "information," both? We think that he can; and if he can, what difference does it make that both "complaint" and "information" are in one and the same statement

151 App.—31

upon the paper? The officer's jurat appended to the same in this case shows that the information in this case was so treated and recognized, by all parties concerned in the court below, and that the defendant's counsel failed to raise said question in the trial court, either in their "motion to quash," or in either of their motions, for new trial and in arrest of judgment, respectively.

BROADDUS, P. J.—On the 3d of August, 1908, defendant was arraigned and tried before a justice of the peace in Holt county, upon an information charging him with having violated the Local Option Law, then in force in the county, in the illegal sale of intoxicating liquor to one Frank Nichols. He was found guilty and he appealed to the circuit court.

In the circuit court defendant filed a motion to quash the information on the ground that it charged him with the illegal sale of intoxicating liquor, but failed to negative the fact, that there is no town or city in Holt county, containing 2500 or more inhabitants. The court overruled defendant's motion and he was put upon trial. Frank Nichols, the prosecuting witness, testified as follows: That on the 17th day of July, 1908, and on the 1st day of August, 1908, he gave defendant money with which to go and buy him (Nichols) whiskey; that defendant acting under his instruction did procure whiskey for him and delivered it to him; that they drank some of it together; and that defendant was a carpenter by trade and at the time he obtained the whiskey for witness was in no way, shape or form engaged or interested in the liquor business.

At the close of the state's evidence defendant asked an instruction in the nature of a demurrer to the testimony on the theory that the state had failed to show any sale by defendant to prosecuting witness. The court refused to so instruct the jury.

The defendant testified that he was never at any time engaged or interested in the liquor business and never had any liquor to sell. The jury found defendant guilty and assessed his fine at $500, upon which judgment was rendered and defendant appealed.

As the information failed to negative the fact that there was no town or city in the county of Holt, of 2500 or more inhabitants, it is insisted that it was fatally defective. When exceptions occur in a section of a statute defining the offense, it is necessary to negative the exceptions by proper averment, otherwise the court is not informed that any offense has been committed. This is the general rule. And in criminal prosecutions nothing is taken by intendment. [State v. Austin, 113 Mo. 538; State v. Latshaw, 63 Mo. App. 496.]

The information can be sustained without violating either of these rules. In the first place the exception, if it may be so called, does not pertain to the offense charged, the unlawful selling of liquor under the Local Option Law. The allegation in the information that the offense was committed in Holt county has reference to the place where the offense is charged to have been committed—the venue. If the venue was incorrectly alleged, that is, if the offense was not committed in the jurisdiction stated, the prosecution would fail. The information alleges that the Local Option Law had been adopted in Holt county, from which we understand and take judicial cognizance that it was in force in the entire county, because we also take judicial cognizance that there is no town or city in the county containing 2500 or more inhabitants, and in doing so nothing is taken by intendment.

We believe the evidence shows that the act of defendant in procuring the whiskey for the prosecuting witness in the manner shown, was a violation of the statute. The statute makes it unlawful for any person, "to directly or indirectly sell, give away or barter

in any manner whatever, any kind of intoxicating liquor or beverage," etc. The fact that defendant was not engaged in the business of dealing in liquors but was by trade a carpenter did not exempt him from the provision of the statute which includes all persons irrespective of their callings.

We find no error in the record, therefore the cause is affirmed. All concur.