STATE of Missouri, Plaintiff-Respondent,

v.

Anthony GAY, Defendant-Appellant.

No. 35182.

Missouri Court of Appeals,
St. Louis District, Division One.

July 10, 1973.

George D. Chopin, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Preston Dean, Asst. Attys. Gen., Jefferson City, Gene McNary, Pros. Atty., Noel L. Robyn, Asst. Pros. Atty., Clayton, for plaintiff-respondent.

WEIER, Judge.

From a conviction and sentence of twenty years for first degree robbery by means of a dangerous and deadly weapon (Section 560.135, RSMo 1969) defendant has appealed, raising three contentions of prejudicial error.

Defendant was one of three men who robbed the attendant at a gasoline filling station. Defendant held a gun on the attendant while one of defendant's companions ordered the attendant to go into the filling station and open the cash register. Defendant then compelled the attendant to turn over his wallet to him. After the robbery, the attendant called the police and gave them a description of the automobile, the license number, and a description of the three men. Following a police chase, the automobile used by the robbers crashed and the men fled in different directions. Defendant was arrested by officers who found in his possession the victim's credit cards, money and a photograph described by the filling station attendant as being in his wallet at the time of the robbery.

■ ·Defendant was charged under the Second Offenders Act (Section 556.280, RSMo 1969). His first contention of error is based upon the failure of the information to allege that he was discharged from the service of his sentence following his prior conviction. As corollaries to this, defendant charged error in admission of the state's evidence in support of the defective information and in overruling motions for judgment of acquittal because of the defective information. It is true as contended by defendant that an allegation of discharge was required under the Habitual Criminal Act, prior Section 556.280, RSMo 1949. [See State v. Austin, 113 Mo. 538, 21 S.W. 31, 32 (1893).] But such an allegation is not required under the Second Offenders Act (Section 556.280, amended Laws 1959). State v. Donnell, 387 S.W.2d 508, 514[12] (Mo.1965). Now it is not necessary that the information allege full compliance with the sentence and the defendant's discharge. State v. Caffey, 404 S.W.2d 171, 175[2] (Mo.1966).

■ Secondly, defendant contends prejudicial error was committed in the admission of his confession because the state failed to prove that prior to taking his confession, the defendant knowingly and intelligently waived his privilege against self-incrimination. The record disclosed that defendant, who could read and write and had a tenth grade education, had been advised of his right to remain silent and have counsel at least four times. He had not only waived these rights orally but also in writing. He made a statement to an officer of his choice. The standards required by law and described in State v. Pughe, 403 S.W.2d 635 (Mo.1966) were strictly adhered to. There was no error in admitting his confession.

■ Thirdly, the defendant contends that the court erred in allowing in-court identification, without objection, because a prior confrontation and identification of defendant at the police station was improperly conducted, not taken in accord with lawful procedure, and was conducive to irreparable mistaken identification. During the course of the trial no objection was made to the identification. There were no motions to strike, no pre-trial motions going to this matter. At no time was there any request that the court determine whether the identification had a source independent of the proceedings at the police station. The trial court had no obligation sua sponte to raise the question at trial. State v. Tyler, 454 S.W.2d 564, 566[1, 2] (Mo.1970); State v. Coomer, 450 S.W.2d 194 (Mo.1970).

■ Ex gratia, even if an objection had been properly made the evidence does not indicate that any constitutional rights

of the defendant had been violated. The victim of the robbery appeared at the police station and identified the defendant as being the one who had held the gun on him earlier that same night. At that time there had been no indictment or charge filed against the defendant. At this stage there was no need to have counsel present as required in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). Kirby v. Illinois, 406 U.S. 951, 92 S.Ct. 1877 (1972). In the trial there was ample evidence to support a finding that the identification made by the victim was based on his observation of the defendant at the time the robbery was committed, and was not a result of the later confrontation at the police station. State v. Jackson, 477 S.W.2d 47, 51[4, 5] (Mo.1972); State v. Todd, 468 S.W.2d 632, 635[3] (Mo.1971).

Finding no merit in defendant's contentions, the judgment is affirmed.

DOWD, C. J., and CLEMENS, J., concur.